UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ERIC C. GRIMM,

    Plaintiff,

v.                                        Case No. 1:17-CV-654

RAW STORY MEDIA, INC., et al.,          HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER

Plaintiff, Eric Grimm, an attorney proceeding pro se, has sued a number of defendants alleging state-law claims of defamation, false light, and intentional infliction of emotional distress. Grimm, a resident of Texas, says that this Court has jurisdiction over his case because no Defendant is a citizen of Texas. But Grimm's allegations do not currently support diversity jurisdiction because Grimm has sued two limited liability companies, The Washington Times, LLC, and The Herald Publishing Company, LLC. In contrast to a corporation, which for diversity purposes is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), a limited liability company has the citizenship of each of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015–16 (2016); *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, if a party is a limited liability company, the party seeking to invoke diversity jurisdiction must allege the citizenship of each member of the limited liability company, including: (1) if any member is a corporation, the state of incorporation and principal

place of business of such member; or (2) if any member is a partnership (general or limited), a limited liability company, or any other form of unincorporated business entity, the citizenship of each partner or member of such entity, and so on.  Grimm does not identify the members of the limited liability companies or their citizenships.  Relatedly, Grimm fails to properly allege the citizenship of Defendant Associated Press.  Grimm alleges that "The Associated Press is a multinational, incorporated, business entity headquartered in New York City," (ECF No. 1 at PageID.4)—which appears to be its principal place of business—but Grimm fails to allege The Associated Press's place of incorporation.

Therefore,

**IT IS HEREBY ORDERED** that within **twenty-one days (21) days** of the date of this Order, Plaintiff shall file an amended complaint alleging the residence of each member of Defendants The Washington Times, LLC and The Herald Publishing Company, LLC , as set forth above, and the place of incorporation of The Associated Press.  Failure to file an amended complaint within that time shall result in a dismissal without prejudice.


Dated:  July 21, 2017                                                  /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                                           UNITED STATES DISTRICT JUDGE