UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Eric C. Grimm,

        Plaintiff,

v.

Raw Story Media, Inc., The Washington
Times, LLC, The Herald Publishing
Company, LLC, MLive Media Group, f/k/a
Booth Newspapers, Inc., Newslo, The
Associated Press, Stephen Kloosterman,
Kevin Even, Paul Shibley, Brianna Scott,
David Bossenbroek, Matt J. Roberts,
David Shafer, Barton Dieters, Gregory C.
Pittman, Williams/Hughes, PLLC, Douglas
Hughes, Theodore N. Williams, Jr.,
Timothy Hicks, William Marietti, Kathy
Hoogstra, Robert Carter, Raymond
Kostrzewa, Linnea Kostrzewa, Mark T.
Boonstra, Neil Mullally, Vicki Broge, and
the County of Muskegon

        Defendants.

Case No. 17-cv-654

HON. GORDON J. QUIST

| | |
|---|---|
| Eric C. Grimm<br>Eric C. Grimm, PLLC<br>Attorney for Plaintiff<br>1017 West South Street<br>Alvin, TX 77511<br>734-717-4900<br>E-Mail ecgrimm@umich.edu | Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>CUMMINGS, MCCLOREY, DAVIS & ACHO<br>Attorneys for Defendants Matt J. Roberts,<br>Gregory C. Pittman, Timothy Hicks,<br>William Marietti, Kathy Hoogstra, Raymond<br>Kostrzewa, Neil Mullally, County of<br>Muskegon<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI 49546<br>616-975-7470 |

**BRIEF IN SUPPORT OF DEFENDANTS COUNTY OF MUSKEGON, JUDGE
PITTMAN, JUDGE HICKS, JUDGE MARIETTI, JUDGE HOOGSTRA, JUDGE
MULLALLY, JUDGE KOSTRZEWA, AND PROSECUTOR ROBERTS' MOTION
SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES………………………………………………………………….iii

ISSUES PRESENTED…………………………………………………………………….vi

MOST CONTROLLING AUTHORITY……………………………………………..vii

STATEMENT OF FACTS………………………………………………………………1

STANDARD OF REVIEW…………………………………………………………….4

ARGUMENT………………………………………………………………………….5

I. PLAINTIFF HAS THE BURDEN TO PLEAD FACTS THAT STATE A
PLAUSIBLE CLAIM AGAINST DEFENDANTS PITTMAN, HICKS,
MARIETTI, HOOGSTRA, KOSTRZEWA, MULLALLY, ROBERTS,
AND MUSKEGON COUNTY…………………………………………………………..5

II. PLAINTIFF FAILED TO STATE ANY PLAUSIBLE FEDERAL LAW
CLAIM AGAINST DEFENDANTS………………………………………………………6

      A. First Amendment Establishment Clause………………………………………..8

      B. Fourth Amendment……………………………………………………………10

      C. First Amendment Retaliation……………………………………………….....11

      D. Equal Protection………………………………………………………………13

III. PLAINTIFF FAILED TO STATE ANY PLAUSIBLE STATE LAW CLAIM
AGAINST DEFENDANTS PITTMAN, HICKS, MARIETTI, HOOGSTRA,
KOSTRZEWA, MULLALLY, AND ROBERTS…………………………………………14

IV. PLAINTIFF FAILED TO STATE A PLAUSIBLE CLAIM AGAINST
MUSKEGON COUNTY ON WHICH RELIEF COULD BE GRANTED
UNDER EITHER FEDERAL OR MICHIGAN LAW………………………………….....19

      A. Plaintiff Failed to State a Cognizable Federal Law Claim
      Against Muskegon County…………………………………………………….19

      B. Plaintiff Failed to State Plausible State Law Claims Against
      Muskegon County……………………………………………………………..20

CONCLUSION AND RELIEF REQUESTED……………………………………….21

## INDEX OF AUTHORITIES

*ACLU v. Grayson County, Ky*., 591 F.3d 837 (6th Cir. 2010)……………………………..8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………………5

*Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997)……………………………………...7

*Bischoff v. Calhoun County Prosecutor*,
173 Mich. App. 802; 434 NW2d 249 (1988)……………………………………………..15

*Bright v. Gallia County, Ohio*, 753 F.3d 639 (6th Cir. 2014)…………………6, 7, 11, 12

*Capogrosso v. The Supreme Court of New Jersey*,
588 F.3d 180 (3d Cir. 2009)………………………………………………………………5

*Center for Bio-Ethical Reform, Inc. v. Napolitano*,
648 F.3d 265 (6th Cir. 2011)……………………………………………………………12

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)………………………………..…..19

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)………………………………5, 10

*Derderian v. Genesys Healthcare Systems*,
263 Mich. App. 366; 689 NW2d 145 (2004)………………………………………...……17

*Detroit Free Press, Inc. v. Oakland Co. Sheriff*,
164 Mich. App. 656; 418 NW2d 124 (1987)………………………………………...……17

*Forrester v. White*, 484 U.S. 219 (1988)…………………………………………..7, 13

*Ghanam v. Does*, 303 Mich. App. 522; 845 NW2d 128 (2014)…………………………15

*Gragg v. Kentucky Cabinet for Workforce Development*,
289 F.3d 958 (6th Cir. 2002)……………………………………………………...…..8

*Gray v. City of Detroit*, 399 F.3d 612 (6th Cir. 2005)……………………………………19

*Grimes v. Michigan Dept. of Transp*.,
475 Mich. 72; 715 NW2d 275 (2006)……………………………………………..20

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)……………………………………………..7

*Hays v. Bolton*, 488 Fed. Appx. 971 (6th Cir. 2012)………………………………..…10

*Imbler v. Pachtman*, 424 U.S. 409 (1976)………………………………………...………7

*Jones v. Bock*, 549 U.S. 199 (2007)…………………………………………...……4

*Jones v. Union County*, 296 F.3d 417 (6th Cir. 2002)……………………………....13

*Latits v. Phillips*,
208 Mich. App. 109; 527 NW2d 39 (2012)……………………….......................15

*Lemon v. Kurtzman*, 403 U.S. 602 (1971)………………………………………..…8, 9

*Livermoore ex rel. Rohm v. Lubelan*, 476 397 (6th Cir. 2007)…………………………..5

*Mack v. City of Detroit*,
467 Mich. 186; 649 NW2d 47 (2002)……………………………………………....6, 20

*McCreary County v. ACLU*, 545 U.S. 844 (2005)…………………………………….8

*Mitchell v. Forsyth*, 472 U.S. 511 (1985)………………………………………..…8

*Mireles v. Waco*, 502 U.S. 9 (1991)………………………………………………...…6

*Monell v. Dept. of Social Services of the City of New York*,
436 U.S. 658 (1978)…………………………………………………………....…19

*Odom v. Wayne County*,
482 Mich. 459; 760 NW2d 217 (2008)………………………………………………15

*Partin v. Davis*, 675 Fed. Appx. 575 (6th Cir. 2017)……………………………………10

*Passic v. State*, 98 F.Supp. 1015 (E.D. Mich. 1951)…………………………………..…5

*Pearson v. Callahan*, 555 U.S. 223 (2009)………………………………...……7, 8

*Richards v. Duke University*, 480 F.Supp.2d 222 (D.D.C. 2007)…………………....…5

*Riverview Health Inst. LLC v. Medical Mut. of Ohio*,
601 F.3d 505, 512 (6th Cir. 2010)……………………………………………………..4

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)………………………………..……6

*Robinson v. City of Detroit*,
462 Mich. 439; 613 NW2d 307 (2000)…………………………………………...…14

*Robinson v. City of Lansing*, 486 Mich. 1; 782 NW2d 171 (2010)……………………20

*Rogers v. O'Donnell*, 737 F.3d 1026 (6th Cir. 2013)………………………………….7

*Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011)………...…13

*Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc*.,
197 Mich. App. 48; 495 NW2d 392 (1992)………………………………………...……16

*Schied v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988)……...……4

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005)…………………………20

*Thomas M. Cooley Law School v. Doe*,
300 Mich. App. 245; 833 NW2d 331 (2013)……………………………………...…15

*Vereecke v. Huron Valley School Dist.*, 609 F.3d 392 (6th Cir. 2010)……………19, 20

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)…………………………………14

*Warren v. City of Athens, Ohio*, 411 F.3d 697 (6th Cir. 2005)…………………………14

*Walsh v. Taylor*, 263 Mich. App. 618; 689 NW2d 506 (2004)…………………...……18

MCL 691.1401……………………………………………………………………...21

MCL 691.1407……………………………………………………………………...14, 15

## ISSUES PRESENTED

I. HAS PLAINTIFF PLEADED FACTS TO STATE FEDERAL CLAIMS AGAINST DEFENDANTS HICKS, PITTMAN, MARIETTI, HOOGSTRA, MULLALLY, KOSTRZEWA, AND ROBERTS?

    Plaintiff will answer "yes."

    These Defendants answer "no."

II. HAS PLAINTIFF PLEADED FACTS TO DEFEAT DEFENDANTS HICKS, PITTMAN, MARIETTI, HOOGSTRA, MULLALLY, KOSTRZEWA, AND ROBERTS' ENTITLEMENT TO JUDICIAL, PROSECUTORIAL, AND QUALIFIED IMMUNITIES AGAINST PLAINTIFF'S PURPORTED FEDERAL CLAIMS?

    Plaintiff will answer "yes."

    These Defendants answer "no."

III. HAS PLAINTIFF PLEADED FACTS TO STATE MICHIGAN LAW CLAIMS AGAINST DEFENDANTS HICKS, PITTMAN, MARIETTI, HOOGSTRA, MULLALLY, KOSTRZEWA, AND ROBERTS?

    Plaintiff will answer "yes."

    These Defendants answer "no."

IV. HAS PLAINTIFF PLEADED FACTS TO DEFEAT DEFENDANTS HICKS, PITTMAN, MARIETTI, HOOGSTRA, MULLALLY, KOSTRZEWA, ROBERTS AND MUSKEGON COUNTY'S ENTITLEMENT TO GOVERNMENTAL IMMUNITY AGAINST PLAINTIFF'S PURPORTED STATE LAW CLAIMS?

    Plaintiff will answer "yes."

    These Defendants answer "no."

V. HAS PLAINTIFF PLEADED FACTS TO STATE FEDERAL AND STATE LAW CLAIMS AGAINST DEFENDANT MUSKEGON COUNTY?

    Plaintiff will answer "yes."

    These Defendants answer "no."

## MOST CONTROLLING AUTHORITY

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………5

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)…………………………....……5, 10

## STATEMENT OF FACTS

### Introduction

Plaintiff Eric Grimm ("Plaintiff"), an attorney who has practiced in Muskegon County, alleges that Defendants, various judges, members of the media, and attorneys, are liable for federal constitutional violations and state law torts arising out of events and actions in Muskegon County courts, and an election for Muskegon County probate court. Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, and Judge Mullally (retired) are judges in Muskegon County. Defendant Prosecutor Roberts is a prosecutor for Muskegon County. As best as can be discerned from Plaintiff's Complaint, the allegations regarding these Defendants concern two events: (1) a 2014 investiture ceremony and (2) probate court proceedings before Judge Pittman.

The First Amended Complaint ("Complaint") filed by Plaintiff makes extremely vague and rambling allegations regarding "Defendants" and various events he alleges occurred in the Muskegon County courts. Many of his allegations are wholly unrelated to any of the claims he asserts in his complaint. Further, his Complaint either generally references "Defendants" as an indistinguishable collective or fails to reference any individualized conduct of Defendants Muskegon County, Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, and Prosecutor Roberts.

### Substantive Facts

In asserting a "First Amendment" claim, "Equal Protection" claim, and "Due Process" claim, Plaintiff alleges that in October 2014, a religious event/ceremony took

place at the Muskegon County Courthouse. **(ECF No. 7, at PageID.106-107, 110-114, ¶¶ 38-39, 45, 56, 62-63, 65-66, 68-69, 70, 81).** Plaintiff does not allege any specific facts about the ceremony other than that it favored "the Dominionist subset of Christianity" and that it included the presence of "a member of the clergy" and a "lecture in Dominionist (false and preposterous) pseudo-history about the American Constitution." **(ECF No. 7, at PageID.106, 112, ¶¶ 39, 66).** Moreover, while Plaintiff names Defendants Judge Kostrzewa, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, and Judge Pittman alleging they "actively participated in the ceremony" and that the ceremony took place in Judge Hicks' courtroom, he offers no specific allegations to suggest any involvement in any religious activity by any of these Defendants that violated his constitutional rights at all. **(ECF No. 7, at PageID.112, ¶¶ 68, 70).** In fact, there are absolutely no allegations made against Prosecutor Roberts. Further, Plaintiff's allegations entirely fail to remove these Defendants from the protection of absolute judicial immunity or qualified immunity.

Plaintiff then asserts a "Fourth Amendment" claim arising out of 2014 probate proceedings before Judge Pittman. **(ECF No. 7, at PageID.115, 118-119, 121-124, ¶¶ 87, 99, 101, 104, 114, 116-118, 120, 122-123, 125-126, 130, 132).** Plaintiff alleges that in October 2014, Defendant Pittman ordered a search of his home in connection with the probate proceeding. **(ECF No. 7, at PageID.121-122, ¶¶ 116-118, 120, 122-123).** But there is no identification of any personal acts by Judge Pittman of entering Plaintiff's home. Further, Plaintiff alleges no facts that remove Judge Pittman from the protection of absolute judicial immunity or qualified immunity. Finally, there are absolutely no

allegations made regarding Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts, or Muskegon County.

Next, Plaintiff asserts an "Equal Protection" and "First Amendment" claim arising out the probate proceedings and his January 28, 2015 termination from the law firm of Williams Hughes, PLLC. **(ECF No. 7, at PageID.125-127, 129, ¶¶ 139-140, 142, 145, 149-150, 162-163).** Plaintiff makes an unwarranted factual inference that Judge Pittman fired him from a private law firm, although Judge Pittman has no association with the firm. Moreover, none of Plaintiff's allegations remove Judge Pittman from the protection of absolute judicial immunity or qualified immunity. Finally, there are also no allegations whatsoever regarding Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts, or Muskegon County.

Plaintiff's remaining allegations concern his various state law claims for "defamation," "false light," and "intentional infliction of emotional distress." In asserting his claims for "false light" and "defamation" Plaintiff makes extremely vague allegations that Judge Pittman made a statement about him. **(ECF No. 7, at PageID.153, 158-159, 163-164, ¶¶ 315, 342, 353, 358, 369, 370, 377-379).** Moreover, Plaintiff has not alleged any facts to remove Judge Pittman from the protection of governmental immunity. Further, Plaintiff does not make a single allegation against Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts or Muskegon County for any of his "defamation" or "false light claims."

Finally, Plaintiff asserts a claim for "intentional infliction of emotional distress" against "all of the defendants" referring to Defendants as an unidentified collective whole. **(ECF No. 7, at PageID.168, ¶¶ 404-407).** But Plaintiff has not alleged any individualized

conduct of Defendants Judge Hicks, Judge Pittman, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts or Muskegon County to suggest they are liable for intentional infliction of emotional distress, nor has he pleaded facts to remove these Defendants from the protection of governmental immunity.

It is the position of these Defendants that Plaintiff failed to plead factual matter sufficient to state a cognizable claim against them. Moreover, Plaintiff's allegations fail to recite any facts to avoid the federal and state law immunities that these Defendants have against his claims. Thus, Defendants Judge Hicks, Judge Pittman, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts, and Muskegon County seek dismissal of Plaintiff's claims against them.

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." *Schied v Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The motion "will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "Immunity" is among these affirmative defenses. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The reviewing court must generally accept all *factual* allegations of the Complaint as "true," but the court need not accept as true "legal conclusions or unwarranted factual inferences." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim. *Id*. Moreover, "[t]he law does not require, nor does justice demand, that a

judge must grope through . . . pages of irrational, prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds of a [plaintiff's] complaint." *Passic v. State*, 98 F.Supp. 1015, 1016 (E.D. Mich. 1951).

<u>ARGUMENT</u>

## I. PLAINTIFF HAS THE BURDEN TO PLEAD FACTS THAT STATE A "PLAUSIBLE" CLAIM AGAINST DEFENDANTS.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plausible" claim is one that pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations must present more than the mere "possibility" that a particular defendant has acted unlawfully, and facts that are "merely consistent with" a defendant's liability are not sufficient. *Id.*, at 678-79.

Again, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383. A plaintiff cannot defeat a dismissal motion and "unlock the doors of discovery," if "armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 679. Further, a pro-se attorney plaintiff is "not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and needs less protection from the court." *Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).

Moreover, in the context of federal claims, "[w]hen a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant

is not entitled to qualified immunity." ***Livermoore ex rel. Rohm v. Lubelan***, 476 F.3d 397, 403 (6th Cir. 2007). "[T]o establish liability and to overcome a qualified immunity defense, an individual must show that his or her *own* rights were violated, and that the violation was committed *personally* by the defendant." ***Robertson v. Lucas***, 753 F.3d 606, 615 (6th Cir. 2014)(Emphasis in Original). In the context of Michigan state-law claims "a plaintiff must plead in avoidance" of a defendant's state-law "governmental immunity." ***Mack v. City of Detroit***, 467 Mich. 186, 193, 649 N.W.2d 47 (2002).

## II. PLAINTIFF FAILED TO STATE ANY PLAUSIBLE FEDERAL LAW CLAIM AGAINST DEFENDANTS PITTMAN, HICKS, MARIETTI, HOOGSTRA, KOSTRZEWA, MULLALLY, AND ROBERTS.

"It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." ***Bright v. Gallia County, Ohio***, 753 F.3d 639, 648 (6th Cir. 2014). The purpose of this immunity is intended to protect the public so that judges may be "at liberty to exercise their functions with independence and without fear of consequences." *Id.* at 649. Absolute immunity can only be overcome in two circumstances. *Id.* "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

The Supreme Court has held that "whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e. whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether it dealt with the judge in his judicial capacity." ***Mireles v. Waco***, 502 U.S. 9, 12 (1991). For purposes of judicial immunity, jurisdiction is broadly construed. ***Bright***, 753 F.3d at 648. Courts have

distinguished between "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter. *Id.* Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for purposes of immunity. *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997). Moreover, "[e]ven grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity." *Bright*, 753 F.3d at 649.

The United States Supreme Court has also held that a prosecutor is entitled to absolute immunity for damages under § 1983 when he acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Courts must use a functional approach and look to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). "Functions that serve as an integral part of the judicial process or that are intimately associated with the judicial process are absolutely immune from civil suits." *Rogers v O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013). Functions that are "investigative" or "administrative" are subject to qualified immunity. *Id.*

Finally, qualified immunity is also applicable. "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether an officer is entitled to qualified immunity depends on a two-pronged inquiry. "First, a court must decide whether the facts that a plaintiff has alleged or shown make up a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Second, if a plaintiff has satisfied this first step, the court must decide whether

the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.*

For a right to be clearly established, the law "must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Gragg v. Kentucky Cabinet for Workforce Development*, 289 F.3d 958, 964 (6th Cir. 2002). Accordingly, qualified immunity covers mistakes of law, mistakes of fact, or mistakes based on mixed questions of law and fact. *Pearson*, 555 U.S. at 231.

The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 232. Unless a plaintiff has stated a valid claim, a defendant claiming immunity "is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

## A. First Amendment Establishment Clause

Count I of Plaintiff's complaint purports to assert what appears to be a First Amendment Establishment Clause claim. **(ECF No. 7, at PageID.105-115, ¶¶ 35-85).** The First Amendment provides that "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I. The "First Amendment mandates government neutrality between religion and religion, and between religion and nonreligion." *McCreary County v. ACLU*, 545 U.S. 844, 860 (2005). But this neutrality "is not so narrow a channel that the slightest deviation from an absolutely straight course leads to condemnation." *Id.* at 876.

To determine whether a government action violates the Establishment Clause, courts employ the *Lemon* test as set forth by the Supreme Court. *ACLU v. Grayson*

*County, Ky.*, 591 F.3d 837, 844 (6th Cir. 2010). Government action is upheld unless it does not satisfy any of three elements: "First, the [action] must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the [action] must not foster an excessive government entanglement with religion." *Id.* (quoting *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971)).

Plaintiff's allegations concern an "investiture" ceremony that took place in October 2014. **(ECF No. 7, at PageID.106-107, 110-113, ¶¶ 38-39, 45, 56, 62-66, 68-70).** But Plaintiff's complaint is extremely vague as to details about the ceremony. **(ECF No. 7, at PageID.106-107, 110-113, ¶¶ 38-39, 45, 56, 62-66, 68-70).** Moreover, his complaint is also extremely vague regarding what if anything, Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally and Judge Pittman personally did during the investiture ceremony to violate his constitutional rights. **(ECF No. 7, at PageID.112-114, ¶¶ 70, 78).** Plaintiff makes no allegations regarding Prosecutor Roberts whatsoever. This is inadequate to state a plausible claim that Defendants violated Plaintiff's First Amendment rights. Plaintiff also failed to plead any facts to defeat Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Judge Pittman's entitlement to absolute judicial immunity or at the very least, qualified immunity. Indeed, Plaintiff's allegations suggest the Defendant Judges acted in their judicial capacity. **(ECF No. 7, at PageID.106, 112, ¶¶ 38, 69).**

In this Count, Plaintiff also makes a single general allegation that the ceremony violated the "Due Process and Equal Protection Clauses of the Fourteenth Amendment." **(ECF No. 7, at PageID.114, ¶¶ 81).** But it is not at all clear what type of Due Process and

Equal Protection claims Plaintiff purports to assert. As set forth above, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383. Thus, Plaintiff's "First Amendment," Equal Protection" and "Due Process" claims against Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts must be dismissed.

### B. Fourth Amendment.

Count II of Plaintiff's complaint purports to assert a "Fourth Amendment" claim arising out of probate court proceedings before Judge Pittman. **(ECF No. 7, at PageID.115-124, ¶¶ 86-136).** The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. Const. Amend. IV. Accordingly, it protects against warrantless searches of homes and possessions. *Hays v. Bolton*, 488 Fed. Appx. 971, 976 (6th Cir. 2012). But entry onto a search of a property can be proper "'in reliance on a facially valid writ of execution or other court order." *Partin v. Davis*, 675 Fed. Appx. 575, 583 (6th Cir. 2017).

Here, Plaintiff alleges actions taken by Judge Pittman as the judge presiding over his mother's probate court proceedings, including his issuance of an order relating to an alleged search of Plaintiff's home that violated his Fourth Amendment rights. **(ECF No. 7, at PageID.116, 119, 122-124, ¶¶ 93, 104-105, 118, 122-123, 125, 130, 132).** But Plaintiff does not allege that Judge Pittman personally participated in the alleged search. Also Plaintiff's complaint is devoid of any specific factual allegations regarding Judge Pittman's order or the hearing before entry of the order and instead makes several conclusory

allegations and legal conclusions. **(ECF No. 7, at PageID.121-122, ¶¶ 116-118).** This is not enough to state a plausible claim that Judge Pittman violated Plaintiff's Fourth Amendment rights.

Moreover, Judge Pittman has absolute judicial immunity for his actions during the probate proceedings. Although Plaintiff alleges that Judge Pittman acted without "jurisdiction" in entering the order, Plaintiff failed to allege that Judge Pittman acted "in the complete absence of all jurisdiction" over the subject matter, which is required to defeat judicial immunity. *Bright*, 753 F.3d at 648. **(ECF No. 7, at PageID.122, 124, ¶¶ 118, 128, 130).** Plaintiff's conclusory allegations about jurisdiction merely allege that Judge Pittman did not have authority to order the alleged search, which, even if true, does not deprive a judge of judicial immunity. *Id.* at 649. **(ECF No. 7, at PageID.122, 124, ¶¶ 118, 128, 130).** Finally, Judge Pittman also has qualified immunity even if he was mistaken regarding his ability to enter the order. Notably, Plaintiff failed to make any allegations whatsoever regarding the any actions of Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts that violated his Fourth Amendment rights. Thus, Plaintiff's Fourth Amendment claims against these Defendants must be dismissed in their entirety.

### C. First Amendment Retaliation

Count III of Plaintiff's complaint purports to assert what appears to be a First Amendment retaliation claim arising out of the probate proceedings before Defendant Pittman and his termination by Williams, Hughes, PLLC, a private law firm. **(ECF No. 7, at PageID.124-129, ¶¶ 137-167).** To establish a First Amendment retaliation claim, Plaintiff must allege that (1) the plaintiff was participating in a constitutionally protected

activity, (2) the defendant's action injured the plaintiff in a way likely to deter a person of ordinary firmness from further participation in that activity, and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 371 (6th Cir. 2011). "A plaintiff must show both (1) that the adverse action was proximately caused by an individual defendant' s act, but also (2) that the individual taking those acts was motivated in substantial part by a desire to punish the individual for exercise of a constitutional right." *Bright* 753 F.3d at 653 (6th Cir. 2014).

First, Plaintiff failed to plead any specific facts to suggest he engaged in any constitutionally protected activity at all. Moreover Plaintiff failed to plead any factual foundation for a plausible claim that these Defendants proximately caused any adverse action with any retaliatory motive against Plaintiff. Plaintiff has not pleaded any allegations regarding Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts at all.

With respect to Judge Pittman, Plaintiff has not made any allegations to suggest Judge Pittman personally caused a violation of his First Amendment rights. Plaintiff makes vague factual allegations regarding Judge Pittman's actions taken during the course of the probate proceedings and makes unwarranted factual inferences and conclusions that Judge Pittman made an employment decision on behalf of Williams Hughes, PLLC, a private law firm, although Judge Pittman has no association with that firm. **(ECF No. 7, at PageID.125-129, ¶¶139, 142, 144-145, 149, 158, 162-163).** This is insufficient to state a First Amendment retaliation claim.

Moreover, Plaintiff has not pleaded any facts to defeat Judge Pittman's entitlement to judicial immunity. While employment decisions are not protected by absolute judicial immunity, as set forth above, Plaintiff has not properly pleaded that Judge Pittman made an employment decision to fire him on behalf of the private law firm. *Forrester,* 484 U.S. at 230. These Defendants are entitled to absolute judicial immunity, or at the very least qualified immunity and thus, Plaintiff's First Amendment retaliation claims against Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts must be dismissed.

### D. Equal Protection

Count III of Plaintiff's complaint also purports to allege an "equal protection" violation arising out of the probate proceedings before Judge Pittman, and Plaintiff's termination from Williams Hughes, PLLC. **(ECF No. 7, at PageID.112-114, 124-129, ¶¶ 70, 81, 137-166).** But it is entirely unclear what type of Equal Protection claim Plaintiff asserts. "The Equal Protection Clause prohibits discrimination by the government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than other similarly situated without a rational basis for the difference." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011). In general, to allege an Equal Protection claim, Plaintiff must allege that he is a member of a protected class and that Defendant intentionally discriminated against him because of his membership in that class. *Jones v. Union County*, 296 F.3d 417, 426 (6th Cir. 2002).

Plaintiff may also assert an Equal Protection claim under a "class of one" theory and must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the treatment." *Village of Willowbrook v.*

*Olech*, 528 U.S. 562, 564 (2000). To show a lack of rational basis for government action a plaintiff must either, (1) negate "every conceivable basis" which might support the action or (2) demonstrate that the challenged government action "was motivated by animus or ill-will." ***Warren v. City of Athens, Ohio***, 411 F.3d 697, 711 (6th Cir. 2005). Action will not be found to lack rational basis unless "so unrelated to the achievement of any combination of legitimate purposes that the Court can only conclude that the government's actions were irrational." *Id.*, at 710.

Here, Plaintiff has not alleged membership in a protected class, nor has he alleged that any of these Defendants sought to discriminate against him because of his membership in any protected class. **(ECF No. 7, at PageID.124-129, ¶¶ 137-166).** Moreover, Plaintiff has not alleged that he has been treated differently than others similarly situated. This is insufficient to state a claim for an equal protection violation. Further, these Defendants are protected by absolute judicial immunity or at the very least, qualified immunity. Thus, Plaintiff's Equal Protection claims against Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts must be dismissed.

### III. PLAINTIFF FAILED TO STATE ANY PLAUSIBLE STATE LAW CLAIM AGAINST DEFENDANTS PITTMAN, HICKS, MARIETTI, HOOGSTRA, KOSTRZEWA, MULLALLY, AND ROBERTS.

Plaintiff's allegations also entirely fail to support his supposed state law claims. Michigan law affords immunity to governmental officers unless (1) their conduct constitutes "gross negligence" that is "the one most immediate, efficient, and direct cause preceding an injury," MCL 691.1407(2)(c), ***Robinson v. City of Detroit***, 462 Mich. 439, 458-59; 613 NW2d 307 (2000) or (2) their conduct constitutes an " intentional tort"

committed without good faith or with malice. ***Odom v. Wayne County***, 482 Mich. 459, 479-80; 760 NW2d 217 (2008). "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. 691.1407(8)(a). Moreover, intentional torts cannot be pleaded as "gross negligence." ***Latits v. Phillips***, 208 Mich. App. 109, 120; 527 NW2d 39 (2012).

Further, MCL 691.1407(5) provides immunity from tort liability for "[a] judge, legislator, and the elective or highest appointive executive official of all levels of government" when "acting within the scope of his or her judicial, executive, or legislative authority." Officials protected under this provision are "entitled to absolute immunity" against tort claims. ***Odom***, 481 Mich. at 479. Michigan courts have confirmed that this immunity also applies to a prosecuting attorney. ***Bischoff v. Calhoun County Prosecutor***, 173 Mich. Ap. 802, 806; 434 NW2d 249 (1988).

### A. Defamation

Counts IV, VI, and VII purport to assert "defamation" claims against unidentified "defendants." **(ECF No. 7, at PageID.130-133, 145-147, 159-166, ¶¶ 168-194, 266-288, 352-392).** Under Michigan law, the elements of defamation are:

> (1) a false a defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication.

***Ghanam v. Does***, 303 Mich. App. 522, 544; 845 NW2d 128 (2014). To be defamatory, a statement must "assert facts that are provable as false." ***Id.*** at 545. "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." ***Thomas M. Cooley Law School v.***

*Doe*, 300 Mich.  App. 245, 262; 833 NW2d 331 (2013). Moreover, "[f]or a claim of libel, a plaintiff must plead the very words of the libel." *Id.* Thus, mere "general allegations that the defendant's statements were defamatory" are not sufficient. **Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.**, 197 Mich. App. 48, 53-54; 495 NW2d 392 (1992).

Here, Plaintiff failed to plead any facts that Defendants Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally,  and Prosecutor Roberts made any statements about him whatsoever, let alone "defamatory" statements. With respect to Judge Pittman, Plaintiff's Complaint is extremely vague and makes conclusory allegations regarding a statement made by Judge Pittman. **(ECF No. 7, at PageID.153, 159, 163, ¶¶ 315, 353, 369).** Thus,  Plaintiff entirely failed to plead "the exact language" allegedly used by Judge Pittman as required by Michigan law. This is insufficient to state a claim for defamation.

Moreover, Plaintiff failed to plead any facts to defeat the Defendants' entitlement to absolute governmental immunity. Further, the conduct of Defendant Pittman as vaguely described by Plaintiff, cannot rise to the level of "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results" or an intentional tort committed without  good  faith  or  with  malice.  These  Defendants  are  immune  from  Plaintiff's defamation claims. Thus, this Court must dismiss Plaintiff's defamation claims against Defendants  Judge Hicks,  Judge Pittman,  Judge Marietti,  Judge Hoogstra,  Judge Kostrzewa, Judge Mullally,  and Judge Roberts.

### B. False Light

Counts  V,  VII,  and  IX  purport  to  assert  claims  of  "false  light."  **(ECF No. 7, at PageID.134-143, 148-159, 166-168, ¶¶ 195-265, 287-351, 393-408).** "In order to maintain

an action for false light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." ***Derderian v. Genesys Healthcare Systems***, 263 Mich. App. 366, 385; 689 NW2d 145 (2004). This tort only applies in cases where a plaintiff has been given publicity. ***Id.*** Moreover, "the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." ***Detroit Free Press Inc. v Oakland Co. Sheriff***, 164 Mich. App. 656, 666; 418 NW2d 124 (1987). This element is judged by whether the publisher had serious doubts about the truth of the statements published. ***Id.***

Here, Plaintiff failed to plead any facts to suggest that Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts "broadcast to the public in general, or to a large number of people" any information that was unreasonable or highly objectionable at all. Rather, Plaintiff makes extremely vague allegations regarding alleged statement made by Judge Pittman. **(ECF No. 7, at PageID.153, 159, 163, ¶¶ 315, 353, 369).** But it is unclear to whom Judge Pittman made the alleged statement. This is insufficient to state a claim for false light.

Moreover, Plaintiff failed to plead any facts to defeat the Defendants' entitlement to absolute governmental immunity. Further, the conduct of Defendant Pittman as vaguely described by Plaintiff, cannot rise to the level of "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results" or an intentional tort committed without good faith or with malice. These Defendants are immune from Plaintiff's

defamation claims. Thus, this Court must dismiss Plaintiff's false light claims against Defendants Judge Hicks, Judge Pittman, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Judge Roberts.

### C. Intentional Infliction of Emotional Distress.

Count X of Plaintiff's complaint purports to assert a claim of "intentional infliction of emotional distress." **(ECF No. 7, at PageID.168, ¶¶ 403-408).** "To establish a prima facie case of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." ***Walsh v. Taylor,*** 263 Mich. App. 618, 634; 689 NW2d 506 (2004).

Here, Plaintiff makes vague allegations regarding "[t]he conduct of all the defendants" as an indistinguishable collective. **(ECF No. 7, at PageID.168, ¶ 404).** But Plaintiff fails to allege any specific conduct of Defendants Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Prosecutor Roberts whatsoever to suggest they are liable for intentional infliction of emotional distress. This is insufficient to state a claim for intentional infliction of emotional distress.

Moreover, Plaintiff failed to plead any facts to defeat the Defendants' entitlement to absolute governmental immunity. Plaintiff's general allegations regarding these Defendants' conduct cannot rise to the level of "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results" or an intentional tort committed without good faith or with malice. These Defendants are immune from Plaintiff's defamation claims. Thus, this Court must dismiss Plaintiff's intentional infliction of

emotional distress claims against Defendants Judge Hicks, Judge Pittman, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Judge Roberts.

## IV. PLAINTIFF FAILED TO STATE A PLAUSIBLE CLAIM AGAINST MUSKEGON COUNTY ON WHICH RELIEF COULD BE GRANTED UNDER EITHER FEDERAL OR MICHIGAN LAW.

### A. Plaintiff Failed to State a Cognizable Federal Law Claim Against Muskegon County.

Plaintiff purports to plead constitutional claims against the Muskegon County under 42 U.S.C. §1983. Under *Monell*, Plaintiff must describe facts that could support a finding that some policy, practice, or custom established by Muskegon County actually caused county officials to take unlawful actions toward Plaintiff. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978). "Municipal liability must rest upon a direct causal connection between the policies or customs of the [municipality] and the constitutional injury to the plaintiff; respondeat superior or vicarious liability will not attach." *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005). See also *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Therefore, it is the burden of the Plaintiff in pleading his case to "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to the execution of that policy." *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 403 (6th Cir. 2010).

Moreover, although a municipality can never be "vicariously liable" simply for the actions of its officials, a municipality also cannot be liable for its policies absent actual violation of the Plaintiffs' rights by the municipality's officials. If the plaintiff "has suffered no constitutional injuries at the hands of the municipality's officer," the fact that the

policies, practices or customs of the municipality "might have authorized" unconstitutional conduct is irrelevant. *Vereecke*, 609 F.3d at 404.

Despite one opportunity to amend his complaint, Plaintiff failed entirely to state any cognizable claim against Muskegon County. First, Plaintiff failed to identify any policy, practice, or custom of the Muskegon County that would authorize actions by County employees that would violate any rights guaranteed by the federal constitution or federal statutes. Second, as described above, none of the individual officials of the County, violated the rights of the Plaintiff. Therefore, the County cannot be liable under §1983. *Vereecke*, 609 F.3d at 404. Plaintiff's burden is to plead factual support for a plausible conclusion that there is some policy, practice, or custom "condoning" unlawful conduct. See *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005). Plaintiff pleads merely conclusions, not facts, in this regard. Thus, all constitutional claims against Muskegon County must be dismissed.

### B. Plaintiff Failed to State a Plausible State Law Claim Against Muskegon County.

Michigan's GTLA "broadly shields a governmental agency from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Grimes v. Michigan Dept. of Transp.*, 475 Mich. 72, 76-7; 715 N.W.2d 275, 278 (2006). Unless one of several specific statutory exceptions applies, *Robinson v. City of Lansing*, 486 Mich. 1, 6; 782 N.W.2d 171 (2010), "[a] governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Mack*, 467 Mich. at 197-98. Again, in this immunity context, a "governmental function" is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law."

M.C.L. 691.1401(b). As discussed above, the allegedly unlawful actions in this case involve the administration of the County's court system. This is a "governmental function" for purposes of the GTLA. Therefore, the Muskegon County is immune from any state-law tort claim, unless some specific statutory exception to such immunity applies. Plaintiff failed to cite any such statutory exception. Thus, Muskegon County is immune to the state-law claims that the Plaintiff asserts and such claims must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

As described above, Plaintiff failed to state any valid federal or state law claims against these Defendants, nor has he pleaded any facts to defeat these Defendants' entitlement to federal and state immunities. For these reasons, Defendants Judge Hicks, Judge Pittman, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, Prosecutor Roberts, and Muskegon County ask this Court to enter an order under Fed. R. Civ. P. 12(b)(6), dismissing the Plaintiffs' claims against them in their entirety.

/s/Allan C. Vander Laan
Allan C. Vander Laan
Cummings, McClorey, Davis & Acho, P.L.C.
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Primary E-Mail: avanderlaan@cmda-law.com
P33893

Dated: October 17, 2017