UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Eric C. Grimm, | |
| | |
| Plaintiff, | |
| | |
| vs. | Civil Action No. 17-cv-654 |
| | |
| Raw Story Media, Inc., The Herald Publishing Company, LLC, MLive Media Group, f/k/a Booth Newspapers, Inc., Newslo, Stephen Kloosterman, Kevin Even, Paul Shibley, Brianna Scott, David Bossenbroek, Matt J. Roberts, David Shafer, Barton Dieters, Gregory C. Pittman, Williams \| Hughes, PLLC, Douglas Hughes, Theodore N. Williams, Jr, Timothy Hicks, William Marietti, Kathy Hoogstra, Robert Carter, Raymond Kostrzewa, Linnea Kostrzewa, Mark T. Boonstra, Neil Mullally, Vicki Broge, and the County of Muskegon, | Hon. Gordon J. Quist<br>United States District Judge<br><br>Hon. Phillip J. Green<br>United States Magistrate Judge |

Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
1017 West South Street
Alvin, TX  77511
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
Attorney for Plaintiff.

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff respectfully responds to Docket Entry 33, titled an "Order to Show Cause."   The

Court's apparent perceptions – yet again – do not align with the reality of what Plaintiff is doing and

has been doing diligently and expeditiously for months.  Just because you do not understand or know

what Plaintiff has been spending hours and hours doing for months, does not mean that it is fair or reasonable to presuppose (prejudicially) that "Plaintiff has done nothing to prosecute this case against Defendant Newslo."  The reality is that Plaintiff has invested many, many, hours tracing leads to determine who is behind Newslo.  And Plaintiff today has the answer.  The next step, which requires Plaintiff to prepare Letters Rogatory for submission to the Court, is already in the works.

The Court does not speed this up (or service on Kevin Even or Doug Hughes) by issuing orders to serve as a distraction from work that Plaintiff already is doing and already was working on diligently before the Court elected to chime in.  Please note the dates on the Returns of Service for Kevin Even and Doug Hughes and Williams | Hughes, PLLC.  Plaintiff already had put those Summons out with a process server, and service already had been completed on those Defendants, prior to the Court issuing any Order.  Was any order really necessary or helpful?

Incidentally, and to change subjects for just a moment, the Court should be aware already that service of process is merely intended to provide "reasonable notice" to a Defendant that a lawsuit has been filed, and that the Defendant is called upon to answer.  That is why – since at least as early as 2000, in a Nevada case involving Caesar's World, most federal courts have routinely been allowing service to be performed by electronic mail, when so requested.  See also Snyder v. Energy Inc., 857 N.Y.S.2d 442 (N.Y. Civ. Ct. 2008) (recognizing that notification through Facebook or Email, in some cases, can be sufficient to provide "reasonable notice" to a defendant that a lawsuit is pending); Rio Properties v. Rio Int'l Interlink, 284 F.3d 1007 (2002); In re International Telemedia Assocs., 245 B.R. 713 (Bank. N.D. Ga. 2000).  Indeed, the Plaintiff will need to look up which case it was, but at least one West Michigan court has given the Plaintiff authorization to perform service by electronic mail on a defendant in a civil case.

Page -2-

It may not have occurred yet to the Court, but the existence of this lawsuit and of the need to respond, comes as **no surprise whatsoever** to Defendants David Bossenbroek, Brianna Scott, Paul Shibley, or David Shafer – among other Defendants.  These <u>attorneys</u> – **who all know better** and who should aspire to a higher degree of professionalism (but their remarks in the newspaper tell the Court all it needs to know about their "professionalism") – have been playing an offensive game of **ducking service**.  All of them (at the same time that Defendant Matt Roberts also received notice, back in July, 2017 – but Roberts, to his credit, waived service), already received a digitized copy of the Original Complaint, a Request for Waiver, a digitized copy of the Summons – everything needed to put them on prompt, reasonble notice that the lawsuit is pending.

These Defendants (again, all of them **attorneys** – but this should tell the Court all it needs to know about the quality and character of Muskegon attorneys, on the whole) just ignored the notice and pretended it might go away.  Subsequently, a process server has been hired and has made **two** trips to all the offices of the above-listed attorneys.  The attorneys all absented themselves and refused to acknowledge service.  Plus, the attorneys turned around and sought to bring pressure to bear on the process server.  Under pressure (presumably the threat not to refer business anymore), the process server has suggested that Plaintiff send the same business to a different process server.  What is the point of all the delay and misbehavior – even by <u>attorneys</u>?  Does this honorable Court really tolerate officers of the court (attorneys) who know full well that a lawsuit is pending, but who instead play cheeky games with ducking service?

Why does the Court appear (at least through its written product) far more eager to find possible technical issues to use to deprive Plaintiff of justice for the egregious wrongdoing that occurred in Muskegon Country – rather than even-handed in the administration of justice, o

predisposed to bring the wrongdoers in this case to justice?

Raw Story Media received notice by way of a <u>paper</u> transmission of the Summons and the Complaint and a Waiver of Service request (including return postage).  Raw Story spent several weeks, if not several months, negotiating and exchanging emails and correspondence with the Plaintiff about this controversy.  Raw Story has more than "fair notice."  Yet, Raw Story has informed the Plaintiff that Raw Story demands that the Summons be re-sent, without the Request for Waiver attached.  Which will be done.  But make no mistake about the reality that Plaintiff has not ignored the need to provide fair notice to the Defendants.  Defendants, surprisingly, are manufacturing needless delay and obstacles.  So far, rather than complaining about this to the Court, Plaintiff has simply soldiered on in an effort to secure justice without needless controversy.

Returning to the subject of Newslo, over a week ago, Plaintiff already was in communication with the Clerk's Office for the U.S. District Court for the Western District of Michigan to discuss the formalities of securing and sending Letters Rogatory to Israel, in order to get Newslo served.

Newslo is far from a typical Defendant.  As the Court is well aware, foreign interference in U.S. Elections during the 2016 election cycle was breathtaking in its scope.  The U.S. Congress recently held hearings on this subject.  <u>See</u>, <u>e.g.</u>, Issie Lapdewsky, *Eight Revealing Moments From The Second Day of Russia Hearings*, Wired (Nov. 1, 2017), < https://www.wired.com/story/six-revealing-moments-from-the-second-day-of-russia-hearings/ >.

In Texas, in order to magnify controversy about politically divisive issues prior to the election, a Russian organization called the Internet Research Agency used social media (Facebook, Twitter, Google) to attempt to draw two groups of angry protestors together in the same location in Houston at the same time.  <u>Id.</u>  Oddly, no organizers showed up for the simultaneous rallies, because

– as Republican Senator Richard Burr drolly observed – "It's hard to attend an event in Houston, Texas when you're trolling from St. Petersburg, Russia."  Id.

Plaintiff stands by the allegation, based on the Oxford report on computational propaganda, that West Michigan was targeted the most intensely of any location anywhere in the U.S., with Russian-sponsored computational propaganda in the 2016 election cycle.  It will be interesting to determine how much of a cayalyst the Devos family (and Erik Prince in particular) happened to be for the targeting of so much computational propaganda at West Michigan in particular.  But the investigation of *that* subject still remains underway (not just by the Plaintiff, but by interested persons both in law enforcement and total amateurs).

As soon as the 2016 election was over, Newslo was busy deleting its content, and "scrubbing" traces of itself from the social media that it sought to exploit throughout 2016.  What Newslo neglected to do, however, was to terminate at least one of its domain name registrations. And that is how the Plaintiff ultimately got to the root of Newslo – and past a very dense smokescreen of obfuscation and evasion.

Newslo has never been a proper business entity, with a Registered Agent for service of process in the United States.  Plaintiff is unable to find any proper registration to transact business as an LLC, corporation, or other entity, for Newslo, anyplace in the U.S.  See also *Another Hoax News Site And A Vile One…Unethical Website Of The Month: NewsLo*, ETHICS ALARMS (April 6, 2       0       1       6       )       ,       < https://ethicsalarms.com/2016/04/06/another-hoax-news-site-and-a-vile-one-unethical-website-of-the-month-newslo/ >.

But – after months of investigation, Plaintiff is happy to advise the Court that Newslo is Eli

Sompo – Russian by birth (and with an interesting personal history), but currently (and in 2016) resident in Israel.  Mr. Sompo's address is 14 Haran Street, Jerusalem 92466 IL

The Court is probably familiar with <u>Calder v. Jones</u>, 465 U.S. 783 (1984), and therefore knows that by targeting and seeking to disrupt U.S. elections, and also by targeting for "devastating" defamation, a particular identifiable individual resident (at the time of the defamation) in Michigan, Sompo / Newslo has clearly subjected himself to personal jurisdiction before this honorable Court.

So, Sompo has failed to "duck service" by deleting his tracks and attempting to evade being sued for the false and defamatory publications of Newslo.

What remains (and what Plaintiff already has contacted the Clerk's Office to discuss), is the preparation of Letters Rogatory, in order to make sure that Sompo (a resident of Israel) can be served with Summons, and brought to justice.

It has been over a decade since the Plaintiff last prepared Letters Rogatory, in order to secure service on a foreign national residing in a foreign country.  Plaintiff respectfully hopes the Court will be compassionate and understanding that it takes a little time to prepare the formal legal documents – especially when the Plaintiff is also busy dealing with the aftermath of Hurricane Harvey (Plaintiff was living in a motel for over a month, at one point in time, due to the hurricane), and also building a law practice in Texas (who would want to practice in Michigan if the knives come out the way they do in Muskegon, when a well-qualified and ethical attorney runs on a platform of reforming corruption in the local probate court (2016) or reforming corruption in the local circuit court (1978) – with the Muskegon Chronicle leading the charge **against** ethics and reform **both** times?).

Plaintiff knows what needs to be done, and is actually hard at work already doing it.  And, when Plaintiff comes to court with a request both for summons and for Letters Rogatory, directed

at Eli Sompo a/k/a Newslo, the papers will be prepared right and will be ready for issuance.

Thanks for your attention to this matter.

It is absolutely NOT the case that difficulty **created by Sompo himself** tracking down who is personally responsible and to blame for Newslo, should be treated by the Court as a pretext for denying yet another plaintiff justice.  Rather, the very fact that Sompo himself elected – by not bothering to register to transact buissness in any U.S. jurisdiction, despite targeting the American media market during an election year, as "Newslo" – to make it difficult to track him down and subject him to justice, is all the more reason for the Court to endeavor to be exceptionally helpful to Plaintiff's effort and hard work, directed at holding Sompo accountable.  That is – unless certain influential West Michigan families with notorious pull in state courts (we will set federal courts aside for the moment) – really want the Plaintiff just to shut up about it already.

Plaintiff trusts that this Court will not be influenced by people who would rather see discovery (say, discovery of the videotapes of Judge Pittman behaving as an abusive bully toward the Plaintiff's elderly mother (a judicial widow), or video of the over-the-top Dominionist "the judge's power comes from God" investiture in the Muskegon County Courthouse) shut down completely, and swept under the rug.  Here's the bottom line: This is not going to be swept under the rug.  So, the Court is respectfully advised that it should expect for the case to proceed, not to get ready to sweep it under the rug.  All the Defendants will be served, too.

Plaintiff also remains of the view that Magistrate Judge Green, on his own motion, ought to self-recuse and to have the case reassigned to a different Magistrate Judge.  However, if the Court will not do so without a motion being filed demanding such relief, then such a motion can and will be filed prior to the conduct of any Rule 16 Conference or the entry of any Rule 16 Order.

Thank you.

Respectfully submitted,

Dated: November 13, 2017

_____/s/ Eric C. Grimm_____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
1017 West South Street
Alvin, TX  77511
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
Attorney for Plaintiff

**PROOF OF SERVICE**

The foregoing Response to Order to Show Cause was submitted through the Court's ECM/CF system, on November 13, 2017, and will be electronically served on all Parties and Counsel that have Appeared to defend in this civil action.

_/s/ Eric C. Grimm _____
Eric C. Grimm (P58990)
Email: ecgrimm@umich.edu
Tel: 734.717.4900