UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC C. GRIMM, | Case No. 17-cv-654 |
| Plaintiff, | Hon. Gordon J. Quist |
| v. | |
| RAW STORY MEDIA, INC., THE HERALD PUBLISHING COMPANY, LLC, MLIVE MEDIA GROUP, F/K/A BOOTH NEWSPAPERS, INC., NEWSLO, STEPHEN KLOOSTERMAN, KEVIN EVEN, PAUL SHIBLEY, BRIANNA SCOTT, DAVID BOSSENBROEK, MATT J. ROBERTS, DAVID SHAFER, BARTON DIETERS, GREGORY C. PITTMAN, WILLIAMS/HUGHES, PLLC, DOUGLAS HUGHES, THEODORE N. WILLIAMS, JR., TIMOTHY HICKS, WILLIAM MARIETTI, KATHY HOOGSTRA, ROBERT CARTER, RAYMOND KOSTRZEWA, LINNEA KOSTRZEWA, MARK T. BOONSTRA, NEIL MULLALLY, VICKI BROGE, AND THE COUNTY OF MUSKEGON, | BRIEF IN SUPPORT OF WILLIAMS/HUGHES, PLLC AND DOUGLAS HUGHES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |
| Defendants. | |
| _____/ | |

| | |
|---|---|
| Eric C. Grimm<br>Eric C. Grimm, PLLC<br>Attorney for Plaintiff<br>1017 West South Street<br>Alvin, TX 77511<br>Telephone (734) 717-4900<br>ecgrimm@umich.edu | James S. Brady (P11110)<br>Mark J. Magyar (P75090)<br>DYKEMA GOSSETT PLLC<br>Attorneys for Defendants The Herald Publishing Company, LLC, MLive Media Group f/k/a Booth Newspapers, Inc., and Stephen Kloosterman<br>300 Ottawa Avenue, N.W., Suite 700<br>Grand Rapids, MI 49503<br>Telephone: (616) 776-7532<br>jbrady@dykema.com<br>mmagyar@dykema.com |
| Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>CUMMINGS, MCCLOREY, DAVIS & ACHO PLC<br>Attorneys for Defendants Gregory C. Pittman, Timothy Hicks, William Marietti, Kathy Hoogstra, Raymond Kostrzewa, Neil Mullally, County of Muskegon<br>2851 Charlevoix Dr., S.E., Suite 327<br>Grand Rapids MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com | Steven F. Stapleton (P51571)<br>Gregory N. Longworth (P49249)<br>CLARK HILL PLC<br>Attorneys for Defendants Williams/Hughes, PLLC and Douglas Hughes<br>200 Ottawa Ave. NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 608-1100<br>sstapleton@clarkhill.com<br>glongworth@clarkhill.com |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ii

STATEMENT OF FACTS ...........................................................................................................1

    Introduction................................................................................................................................1

    Substantive Facts ......................................................................................................................1

STANDARD OF REVIEW ..........................................................................................................3

ARGUMENT.................................................................................................................................4

    I.   Plaintiff has the Burden to Plead Facts that State a "Plausible" Claim Against Defendants Williams Hughes, PLLC and Douglas M. Hughes.......................................4

    II.  Plaintiff has Failed to State a "Plausible" Claim Against Defendants Williams Hughes, PLLC and Douglas M. Hughes..........................................................................5

    III. Plaintiff has Failed to State a "Plausible" Claim for Intentional Infliction of Emotional Distress. ......................................................................................................7

CONCLUSION AND RELIEF REQUESTED .............................................................................8

# **TABLE OF AUTHORITIES**

**Cases**
*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970) .............................................................. 5, 6
*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ................................................................................ 4, 6
*Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007) .......................................................................... 6
*Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007) ......................... 5, 6
*Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ................... 4
*Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (*en banc*) .......................................... 5
*D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) ........................................................ 3, 4
*DeBauche v. Trani*, 191 F.3d 499, 508 (4th Cir. 1999) .................................................................. 6
*German v. Fox*, 267 Fed. Appx. 231 (4th Cir. 2008) ...................................................................... 7
*Hoven v. Walgreen Co.*, 751 F.3d 778, 784 (6th Cir. 2014) ........................................................... 5
*Jones v. Bock*, 549 U.S. 199, 215 (2007) ........................................................................................ 3
*Lindsey v. Detroit Entm't, LLC*, 484 F. 3d 824, 827 (6th Cir. 2007) .............................................. 5
*Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) .................................................... 5
*Passic v. State*, 98 F.Supp. 1015, 1016 (ED. Mich. 1951) ............................................................. 3
*Peterson v. City of Greenville*, 373 U.S. 244, 248 (1963) .......................................................... 5, 6
*Prysak v. R.L. Polk Co.*, 483 N.W.2d 629, 634 (Mich. App. 1992) ............................................... 5
*Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ......................................................................... 5
*Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007) .......................................... 4
*Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ............. 3
*Schied v Fannie Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)* ........................... 3
*Walse v. Taylor,* 263 Mich. App. 618, 634; 689 NW2d 506 (2004) ............................................... 8
*Wolotsky v. Huhn*, 960 F.3d 1331, 1335 (6th Cir. 1992) ................................................................ 6

**Statutes**
42 U.S.C. S. 1983 ............................................................................................................................ 7

**Rules**
Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3, 7, 8

## BRIEF IN SUPPORT OF WILLIAMS/HUGHES, PLLC AND DOUGLAS HUGHES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## ORAL ARGUMENT REQUESTED

## STATEMENT OF FACTS

### Introduction

Plaintiff Eric Grimm ("Plaintiff" or "Grimm"), an attorney who has practiced in Muskegon County, alleges that Defendants, various judges, members of the media, private attorneys and a law firm, are liable for various federal constitutional violations and state law torts arising out of events and actions in Muskegon County courts, and an election for Muskegon County probate court. Specifically, Defendant Williams Hughes, PLLC is a private law firm located in Muskegon, Michigan and Attorney Douglas M. Hughes is an owner of Williams Hughes, PLLC and private practice attorney. As best as can be discerned from Plaintiffs Complaint, the allegations regarding these Defendants concern one alleged event, his termination from a private law firm and the alleged involvement from Muskegon County Circuit Court Judge Gregory C. Pittman.

The First Amended Complaint ("Complaint") filed by Plaintiff makes extremely vague and rambling allegations regarding "Defendants" and various events he alleges occurred in the Muskegon County courts. Many of his allegations are wholly unrelated to any of the claims he asserts in his complaint. Further, his Complaint either generally references "Defendants" as an indistinguishable collective or fails to reference any individualized conduct of Defendants Williams Hughes, PLLC and Douglas Hughes.

### Substantive Facts

In asserting a "First Amendment" claim, "Equal Protection" claim, and "Due Process" claim, Plaintiff alleges that in October 2014, a religious event/ceremony took place at the Muskegon County Courthouse. (ECF No. 7, at PageID.106-107, 110-114, ¶¶ 38-39, 45, 56, 62-

1

63, 65-66, 68-69, 70, 81). Plaintiff does not allege any specific facts about the ceremony other than that it favored "the Dominionist subset of Christianity" and that it included the presence of "a member of the clergy" and a "lecture in Dominionist (false and preposterous) pseudo-history about the American Constitution." (ECF No. 7, at PageID.106, 112, ¶¶ 39, 66). Moreover, while Plaintiff names Defendants Judge Kostrzewa, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, and Judge Pittman alleging they "actively participated in the ceremony" and that the ceremony took place in Judge Hicks' courtroom, he offers no specific allegations to suggest any involvement in any religious activity by any Defendants that violated his constitutional rights at all. (ECF No. 7, at PageID.112, ¶¶ 68, 70).

Plaintiff asserts a "Fourth Amendment" claim arising out of 2014 probate proceedings before Judge Pittman. (ECF No. 7, at PageID.115, 118-119, 121-124, ¶¶ 87, 99, 101, 104, 114, 116-118, 120, 122-123, 125-126, 130, 132). Plaintiff alleges that in October 2014, Defendant Pittman ordered a search of his home in connection with the probate proceeding. (ECF No. 7, at PageID.121-122, ¶¶ 116-118, 120, 122-123). Plaintiff alleges no facts against Defendants Williams Hughes, PLLC and Douglas Hughes in relation to these claims.

Next, Plaintiff asserts an "Equal Protection" and "First Amendment" claim arising out the probate proceedings and his January 28, 2015 termination from the Williams Hughes, PLLC. (ECF No. 7, at PageID.125-127, 129, ¶¶ 139-140, 142, 145, 149-150, 162-163). Plaintiff makes an unwarranted factual inference that Judge Pittman fired him from Williams Hughes, PLLC, a private law firm, although Judge Pittman has no association with the firm (and there is no allegation to the contrary).

Plaintiffs remaining allegations concern his various state law claims for "defamation," "false light," and "intentional infliction of emotional distress." In asserting his claims for "false light" and "defamation" Plaintiff makes extremely vague allegations but Plaintiff does not make

2

a single allegation against Defendants Williams Hughes, PLLC and Douglas M. Hughes for any of his "defamation" or "false light claims."

Finally, Plaintiff asserts a claim for "intentional infliction of emotional distress" against "all of the defendants" referring to Defendants as an unidentified collective whole. (ECF No. 7, at PageID.168, ¶¶ 404-407). But Plaintiff has not alleged any individualized conduct of Defendants Williams Hughes, PLLC or Douglas M. Hughes to suggest they are liable for intentional infliction of emotional distress.

It is the position of these Defendants that Plaintiff failed to plead factual matter sufficient to state a cognizable claim against them. Thus, Defendants Williams Hughes, PLLC and Douglas M. Hughes seek dismissal of Plaintiff's claims against them, as a matter of law. These Defendants have filed their Motion and this Brief in lieu of an Answer.

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." *Schied v Fannie Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)*. The motion "will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The reviewing court must generally accept all factual allegations of the Complaint as "true," but the court need not accept as true "legal conclusions or unwarranted factual inferences." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim. Id. Moreover, "[t]he law does not require, nor does justice demand, that a judge must grope through . . . pages of irrational, prolix and redundant pleadings, containing matters foreign

3

to the issue involved . .. in order to determine the grounds of a [plaintiffs] complaint" *Passic v. State*, 98 F.Supp. 1015, 1016 (ED. Mich. 1951).

## ARGUMENT

### I. Plaintiff has the Burden to Plead Facts that State a "Plausible" Claim Against Defendants Williams Hughes, PLLC and Douglas M. Hughes.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A "plausible" claim is one that pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must present more than the mere "possibility" that a particular defendant has acted unlawfully, and facts that are "merely consistent with" a defendant's liability are not sufficient. Id., at 678-79.

Again, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio,* 747 F.3d at 383. A plaintiff cannot defeat a dismissal motion and "unlock the doors of discovery," if "armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 679. Further, a pro-se attorney plaintiff is "not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and needs less protection from the court." *Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Plaintiff does not specify claims against these Defendants other than in Count III (First Amended Complaint, Paragraphs 137-167).  As such, Plaintiff has failed to state any cognizable claims against these Defendants in the remainder of the Complaint and dismissal is warranted.

4

## II. Plaintiff has Failed to State a "Plausible" Claim Against Defendants Williams Hughes, PLLC and Douglas M. Hughes

As indicated, Plaintiff only alleges a claim against these Defendants in Count III of his First Amended Complaint. To state a claim under Section 1983 against William Hughes, PLLC and Douglas M. Hughes (The Williams Hughes Defendants), Grimm must demonstrate that the Williams Hughes defendants were "state actors" in connection their decision to terminate Grimm's employment. "Section 1983 does not … prohibit the conduct of private parties acting in their individual capacities." *Lindsey v. Detroit Entm't, LLC*, 484 F. 3d 824, 827 (6th Cir. 2007). "Because the private defendant-employer 'is not bound by the constitutional provisions guaranteeing freedom of speech,'" the private employer is not restricted from terminating its employee for engaging in free speech. *Hoven v. Walgreen Co.*, 751 F.3d 778, 784 (6th Cir. 2014) (quoting *Prysak v. R.L. Polk Co.*, 483 N.W.2d 629, 634 (Mich. App. 1992)).

Nevertheless, in rare circumstances, a private party may be subject to suit under Section 1983 if "the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). *See also Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (*en banc*). The Sixth Circuit applies three tests to determine the existence of "state action" under Section 1983: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007). The only one of these tests even remotely suggested in Grimm's Complaint is the state compulsion test – sometimes referred to as the coercion test. But Grimm has failed to allege facts sufficient to state a claim under this test. Whether the Williams Hughes defendants are "state actors" is a question of law for the Court to decide. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

As an initial matter, the state compulsion test is generally used to establish that the government is liable for the private actions, not the other way around. Thus, in *Peterson v. City*

5

*of Greenville*, 373 U.S. 244, 248 (1963), the Supreme Court held that the city could be held liable when a restaurant excluded black patrons in conformity with a local ordinance. Similarly, in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970), the Supreme Court held that "a State is responsible for discriminatory acts of a private party when the State, by its law, has compelled the act." Thus, while it makes sense to hold the government liable for a private party's action when the government compels or coerces that action, it makes no sense to hold a private party liable simply for doing that which the government has compelled it to do. *See Campbell*, 509 F.3d at 784 (quoting *Wolotsky v. Huhn*, 960 F.3d 1331, 1335 (6th Cir. 1992) ("'More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives.'"). *Peterson* and *Adickes* illustrate another relevant point: that the state compulsion test applies when the government compels action through statute, regulation, or ordinance, not when it simply recommends that a private party take a particular action.

In *Campbell*, the Sixth Circuit rejected the application of the state compulsion test because the private company made the ultimate decision to terminate employees. ""PMI, a private company, made a business decision to voluntarily enter into a contract with government entities, to close its Dayton Plant, and to terminate the Workers. No state law or any state entity required PMI to take any of those actions." *Campbell*, 509 F.3d at 784. Of course, this issue raises the sufficiency of Grimm's allegations under *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Fourth Circuit has issued two instructive opinions in this regard. In a pre-*Twombley* decision, the court held that the plaintiff had failed to adequately plead coercion sufficient to allege a claim against a private party under the state compulsion test. "In fact," the court pointed out, "the complaint states that the three private party defendants were 'willful participants' in the" disputed action. *DeBauche v. Trani*,

6

191 F.3d 499, 508 (4th Cir. 1999). The allegation that the private parties were "willful participants" necessarily precluded the conclusion that the government coerced or compelled the private parties to take the actions about which the plaintiff complained.

Similarly, in *German v. Fox*, 267 Fed. Appx. 231 (4th Cir. 2008), the court held that "German undercuts his own allegations of state action by asserting in the complaint that '[t]he actions of Fox and the SVTA [the private parties] were undertaken *knowingly and voluntarily* and in complicity with the expressed desires and actions of Bailey and Schaefer [the government actors].'" *Id.* at 235. The court drove home the obvious point: "Bailey cannot be thought to have commanded or even controlled Fox's conduct 'to such an extent that [Fox's] conduct amounted to a surrogacy for state action,' where Fox and the SVTA knowingly and voluntarily acted …." *Id.*

Here, while Grimm's Complaint is difficult to decipher, one allegation is clear and requires dismissal of the Williams Hughes defendants. In Paragraph 164, Grimm alleges that the Williams Hughes defendants are culpable "for agreeing to engage in the violation of 42 U.S.C. S. 1983". The allegation that the Williams Hughes defendants "agreed" to participate in Judge Pittman's plan defeats Grimm's claim. Inasmuch as the Complaint fails to adequate plead truly coercive conduct – for example, an ordinance compelling the termination of Grimm's employment – the Complaint fails to state a claim under Section 1983 against the Williams Hughes defendants. For these reasons, Plaintiff's claims against the Williams Hughes Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Plaintiff has Failed to State a "Plausible" Claim for Intentional Infliction of Emotional Distress.

Count X of Plaintiff's complaint purports to assert a claim of "intentional infliction of emotional distress." (ECF No. 7, at Page ID. 168, ¶¶ 403-408). "To establish a prima facie case of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the

7

defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walse v. Taylor,* 263 Mich. App. 618, 634; 689 NW2d 506 (2004).

Here, Plaintiff makes vague allegations regarding "[t]he conduct of the all the defendants' as an indistinguishable collective. (ECF No. 7, at PageID. 168, ¶ 404). But Plaintiff fails to allege any specific conduct of Defendants Williams Hughes, PLLC and Douglas M. Hughes whatsoever to suggest they are liable for intentional infliction of emotional distress. This is insufficient to state a claim for intentional infliction of emotional distress.

## CONCLUSION AND RELIEF REQUESTED

As described above, Plaintiff failed to state any valid federal or state law claims against these Defendants. For these reasons, Defendants Williams Hughes, PLLC and Douglas M. Hughes ask this Court to enter an order under Fed. R. Civ. P. 12(b)(6), dismissing the Plaintiff's claims against them in their entirety.

Respectfully submitted,

CLARK HILL PLC

Dated:  November 16, 2017

/s/ Steven F. Stapleton
Steven F. Stapleton (P51571)
Gregory N. Longworth (P49249)
CLARK HILL PLC
Attorneys for Defendants Williams/Hughes, PLLC and Douglas Hughes
200 Ottawa Ave. NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
sstapleton@clarkhill.com
glongworth@clarkhill.com