ERIC C. GRIMM, PLLC
Bespoke.  Legal.  Services.
Muskegon, MI 49443-0041
734.332.4900

February 17, 2017

Eric C. Grimm
Admitted to Practice:
Texas              1993*
District of Columbia  1995
Michigan           1998

Hon. Rillastine R. Wilkins, District 1
Hon. Benjamin E. Cross, District 2
Hon. Susie Hughes, District 3
Hon. Robert Scolnik, District 4
Hon. Marvin R. Engle, District 5
Hon. Charles Nash, District 6
Hon. Gary Foster, District 7
Hon. I. John Snider, II, District 8
Hon. Kenneth Mahoney, District 9
Board of Commissioners, County of Muskegon
990 Terrace Street; Fourth Floor
Muskegon, MI 49440
commissioners@co.muskegon.mi.us

Re:    <u>FOIA Appeal.</u>

Dear Commissioners:

This letter is an optional, non-mandatory, courtesy appeal under Michigan's Freedom of Information Act, Act 442 of 1976, as amended, MCL 15.231 - 15.246.

The topic involves "investiture" ceremonies for elected officials.  "Investiture" is a fancy word for swearing-in.  It is when a public official takes his or her oath of office.

It is bizarre and baffling to me that I should have to bring this matter to your attention. The County of Muskegon hosted the events in question, in the Muskegon County Building, along with the Muskegon County Bar.  All were open to the public; video was taken.

When government entities hold a <u>public</u> investiture (of a judge or anyone else), and a videographer is invited to record the event, **normally** the video is made available to the public as a matter of course.  **Typically**, nobody (like me) even has to ask.  Here are some

---

*Membership in State Bar of Texas inactive, but in good standing.  Must re-activate license to accept client matters in Texas.

Muskegon County Board of Commissioners
February 17, 2017
Page 2

examples.  First is the public swearing-in of U.S. Supreme Court Justice Elana Kagan: https://www.c-span.org/video/?294960-1/kagan-supreme-court-swearingin-ceremony  That event, which can be viewed via Internet video (including on Youtube – https://www.youtube.com/watch?v=2tA_Glsa0qI ) was a very short and businesslike event.  Typically, U.S. Supreme Court Justices will also hold private, or non-recorded, events[2] with close friends and family, that are not open to the public, but I'm not writing about events that are solely private events for close friends and family, or events not recorded.

Here is another example, which is for Supreme Court Justice Sonya Sotomayor: https://www.c-span.org/video/?288295-1/sotomayor-supreme-court-swearingin-ceremony

It is important to distinguish between <u>proceedings</u> of the Supreme Court, and these recorded events.  Video such as this is made public as a matter of routine.

In contrast, <u>proceedings</u> of the Supreme Court (such as oral arguments) are associated with specific case numbers.  And **video never is permitted of actual proceedings** (under any circumstances) in the Supreme Court.[3]  Audio is routinely taken in this particular court (as it was, too, when I served as a Briefing Attorney on the Texas Supreme Court), and the audio of specific proceedings can sometimes be made available quickly to the public – or, sometimes, after months or years have passed.

The distinction between public investitures (video routinely released to the public) and actual <u>proceedings</u> of the judiciary (video never taken, in some courts, even for internal purposes, or taken subject to specific rules in others), is an important distinction and one you need to understand.  Were this about video of a hearing in a contested case, subject to the Court Rules, of course I would proceed (as I have otherwise done) differently.  But the point is, this is a different (ceremonial, public, county) kind of thing, altogether.

The important difference is easily demonstrated.  I respectfully invite each and every

---

[2]Some local officials, too, such as Chief Judge William Marietti, of the Muskegon County Circuit Court, in late 2016 or early 2017, will choose to take their oaths of office privately, and without much ceremony – with only a few close friends, relatives, and/or staff on hand.  I am not requesting video of Judge Marietti's private event.  Nor do I criticize his choice to hold it privately.

[3]In contrast, in Michigan state courts, the Court Rules do allow for video recording of <u>proceedings</u> (assigned case numbers) – but the events in question were not proceedings subject to the strictures of the Court Rules, and no adjudicative business was conducted.

Muskegon County Board of Commissioners
February 17, 2017
Page 3

one of you to Google for "youtube judicial investiture," which will turn up approximately 132,000 results, not all on Youtube. Searching for the terms "investiture judicial" on Youtube turns up over 1000 results – including a multitude of videos taken **in Michigan** (such as Royal Oak and Cass County, even excerpts of one in this county) – instance after instance in which a public investiture ceremony for a judge has been held in a public building (sometimes a public school, sometimes another government building) and video has been captured. The routine, normal, ordinary practice is to release the video (typically, via Youtube) – without anyone even having to ask. Hence, my written submission to County Administration (seeking copies of all video and audio of all public investitures held in the Muskegon County Building, and most importantly, one particular event held in late 2014), should not be considered unusual or objectionable in the least.

      This is exactly what the public has every right to expect – without even having to ask – everyplace in the United States, including anyplace in Michigan. Including this county.

      What could Muskegon County possibly be so ashamed about, that it is trying to hide the exact same kind of recording that everyone else routinely makes public?

      To be quite honest with you, some of what happened during the 2014 investiture ceremony was shameful. And those who have failed to apologize for the excesses and to walk back what happened, have good reason to be ashamed. And to apologize.

      But that is all the more reason for transparency and government accountability to be required – and all the more reason for the shameful bits in particular to be made public.

      Accordingly, attached is the FOIA request that I submitted, shortly after the 2016 general election. Also attached is the response from attorney Susan Franklin.

      To be quite honest, the Williams | Hughes law firm should not be advising this county about this particular FOIA request. Whether or not, as a result of this appeal, I get this video from the County, still I will get it within less than one year under Rules 26 and 45 of the FEDERAL RULES OF CIVIL PROCEDURE, after filing a 42 U.S.C. § 1983 civil action against the County of Muskegon, against this captive law firm, and against one or more elected officials (to be determined, still, who shall be sued). The Williams | Hughes law firm currently is the subject of a religious discrimination investigation involving the Michigan Department of Civil Rights. MDCR already has advised me that I do not need to wait for them to finish their investigation in order to sue in federal court. Needless to say, this specific law firm is not necessarily the best choice for objective advice, under the circumstances.

Muskegon County Board of Commissioners
February 17, 2017
Page 4

I would respectfully urge the County Board to secure better, and more reliable, legal advice, from an out-of-county law firm.  Please also be sure to ask Mr. Hughes how much his client the White Lake Ambulance Authority had to pay in actual attorney fees, when Mr. Hughes undertook the defense of WLAA in a FOIA and OMA case.

I would much rather resolve this case reasonably with the Board, with the release of the video in question (so the public can make up its own mind), rather than seeking to collect a bunch of attorney fees.  If you view your jobs as acting in the public interest, then you promote the public interest in two ways by releasing the video immediately – first, you save taxpayer dollars by avoiding the cost of litigation, and second, you promote the public interest through government transparency and accountability.

Note that Ms. Franklin does not rely on **even one exemption** under MCL 15.243. Thus, any argument based on any FOIA exemption already has been waived.

Instead, the sole argument that is made, is the claim that the video (even though in possession of the government, and made during a public ceremonial event – not any judicial proceeding) somehow is not a "public record."  The exact same thing, everyplace else in the country, obviously, is a public record and is routinely broadcast on Youtube.  But in Muskegon County, alone, it is not a public record.  It is a state secret.  Unpersuasive.

Ms. Franklin's argument rests on several faulty premises.

Her first apparent premise is that records of "the judiciary" are secret – nonpublic. That is not true.  First, quite the contrary, only certain records (such as files of cases assigned case numbers, and held by the Clerk of Court) are actually records of "the judiciary."  And, even more importantly, of the records that actually are of "the judiciary," the overwhelming majority of them are **more public** and **more accessible**, more quickly, than FOIA public records, in Michigan.

The reason that FOIA does not apply to specific records, defined in a Local Administrative Order, and in specific sections of Chapter 8 of the MICHIGAN COURT RULES, is **not** because those records are secret.  It is precisely **because almost all actual records of "the judiciary" are more public – not less public – than FOIA public records.**  For instance, unless an order is entered, after a motion, and a showing of "good cause" to seal specific records, when the public wants to inspect the file for a court case, the public does not have to wait 5 or 15 days, as the public would under FOIA.  The public gets to inspect and copy the records of "the judiciary" immediately – on the spot.

Muskegon County Board of Commissioners
February 17, 2017
Page 5

That's hardly a persuasive argument for keeping the video of a ceremonial, governmental, <u>public</u> event, shrouded in secrecy. Indeed, there is no valid reason to keep this recording of a public event shrouded in secrecy, other than the shame now felt (in retrospect) by certain elected officials.

Now it is true that video of judicial <u>proceedings</u>, are subject to special rules about how video is handled. But, again, <u>proceedings</u> relate to one or more numbered court cases. This appeal is not about any such thing. The Court Rules and the LAO are irrelevant.

And video cannot be taken, in a <u>proceeding</u>, by an outside videographer, without a motion being filed and granted, to allow it. In relation to the investiture, no motion was needed (nor filed, nor could one be filed because there was no case number). The video of an investiture simply has nothing to do with any records of "the judiciary" precisely because the rules applicable to <u>proceedings</u> of the judiciary, have nothing whatsoever to do with investitures (which are ceremonial, not judicial or adjudicative, events).

There is also a well-established body of case law, in Michigan, that interprets the scope of "public records," and of disclosure requirements, broadly, and consistent with the public interest. In contrast, FOIA interpretive precedent requires that obstacles to disclosure be interpreted narrowly, and in a way also favoring the public interest in open government and transparency. Both of these well-established interpretive principles, support the prompt disclosure of the requested public records.

Inasmuch as the event was open to the general public, the notion that the video of it should somehow be treated as a secret, and kept from the public, is pretty silly.

And no court is going to be persuaded by Ms. Franklin's argument, if I have to take this to court. So, please, let's just come clean (especially now that the 2016 election is over) and make sure that the public get to see – via the Internet – exactly what they have every right to see. Thank you for your attention to this matter.

                                                Very truly yours,

                                                /s/ Eric C. Grimm
                                                Eric C. Grimm

cc:    Susan Franklin, Esq.

**County:** Keep original and provide copy of both sides, along with Public Summary, to requestor at no charge.

County of Muskegon
990 Terrace Street, 4th Floor
Muskegon, MI   49442
Phone: (231) 724-6520

**Denial Form**

# Notice of Denial of FOIA Request
## Michigan Freedom of Information Act, Public Act 442 of 1976, MCL 15.231, *et seq.*

**Request No.:** 2017 - 001       **Date Received:** 1/4/17       Check if received via: **X** Email   ☐ Fax   ☐ Other Electronic Method
**Date of This Notice:** 1/9/17                                       Date <u>delivered</u> to junk/spam folder: _____
*(Please Print or Type)*                                              Date <u>discovered</u> in junk/spam folder: _____

| Name<br>Eric C. Grimm | Phone |
| --- | --- |
| Firm/Organization | Fax |
| Street | Email<br>ecgrimm@me.com |
| City | State MI    Zip |

**Request for:**    **X** Copy    ☐ Certified copy    ☐ Record inspection    ☐ Subscription to record issued on regular basis

**Delivery Method:**    ☐ Will pick up    ☐ Will make own copies onsite    ☐ Mail to address above    **X** Email to address above
☐ Deliver on digital media provided by the County: _____

**Record(s) You Requested:** *(Listed here or see attached copy of original request)*   **See attached copy of original request.**

**Please note:** The County's FOIA Policy and Public Summary may be found at:
http://www.co.muskegon.mi.us/boardofcommissioners/policies.htm

**X All   OR   ☐ Part** of your request for records has been denied. Please refer to this form for an explanation.
With respect to your requests, the judiciary is not included in the FOIA's definition of a public body to which the FOIA applies. Further, any records of the judiciary are not included in the definition of public records subject to the FOIA as they are not records of a public body.  MCL 15.232(d) and (e).
If you have any questions regarding this denial, contact Susan M. Franklin at (231) 727-2105 or sfranklin@williamshugheslaw.com.

### Reason for Denial:

☐ **1. Exempt from Disclosure:** This item is exempt from disclosure under FOIA Section 13, Subsection _____ *(insert number)*, because: _____

☐ **2. Record Does Not Exist:**  This item does not exist under the name provided in your request or by another name reasonably known to the County. If you believe this record does exist, provide a description that will enable us to locate the record.

☐ **3. Redaction:** A portion of the requested record had to be separated or deleted (redacted) as it is exempt under FOIA Section 13, Subsection _____ *(insert number)*, because: _____
A brief description of the information that had to be separated or deleted: _____

### Notice of Requestor's Right to Seek Judicial Review
You are entitled under Section 10 of the Michigan Freedom of Information Act, MCL 15.240, to appeal this denial to the County Board of Commissioners or to commence an action in the Circuit Court to compel disclosure of the requested records if you believe they were wrongfully withheld from disclosure. If, after judicial review, the court determines that the County has not complied with MCL 15.235 in making this denial and orders disclosure of all or a portion of a public record, you have the right to receive attorneys' fees and damages as provided in MCL 15.240. (See back of this form for additional information on your rights.)

**Signature of FOIA Coordinator:** *Susan M Franklin*        **Date:** 1/9/17

# FREEDOM OF INFORMATION ACT (EXCERPT)
## Act 442 of 1976

**15.240.amended Options by requesting person; appeal; actions by public body; receipt of written appeal; judicial review; civil action; venue; de novo proceeding; burden of proof; private view of public record; contempt; assignment of action or appeal for hearing, trial, or argument; attorneys' fees, costs, and disbursements; assessment of award; damages.**

Sec. 10.

(1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

    (a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

    (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

(2) Within 10 business days after receiving a written appeal pursuant to subsection (1)(a), the head of a public body shall do 1 of the following:

    (a) Reverse the disclosure denial.

    (b) Issue a written notice to the requesting person upholding the disclosure denial.

    (c) Reverse the disclosure denial in part and issue a written notice to the requesting person upholding the disclosure denial in part.

    (d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the head of the public body shall respond to the written appeal. The head of a public body shall not issue more than 1 notice of extension for a particular written appeal.

(3) A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a). If the head of the public body fails to respond to a written appeal pursuant to subsection (2), or if the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing a civil action under subsection (1)(b).

(4) In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record. Venue for an action against a local public body is proper in the circuit court for the county in which the public record or an office of the public body is located has venue over the action. The court shall determine the matter de novo and the burden is on the public body to sustain its denial. The court, on its own motion, may view the public record in controversy in private before reaching a decision. Failure to comply with an order of the court may be punished as contempt of court.

(5) An action commenced under this section and an appeal from an action commenced under this section shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

**History:** 1976, Act 442, Eff. Apr. 13, 1977 ;-- Am. 1978, Act 329, Imd. Eff. July 11, 1978 ;-- Am. 1996, Act 553, Eff. Mar. 31, 1997 ;-- Am. 2014, Act 563, Eff. July 1, 2015

**Susan Franklin**

| | |
|---|---|
| **From:** | Eric Grimm <ecgrimm@me.com> |
| **Sent:** | Wednesday, January 04, 2017 5:26 PM |
| **To:** | Orrison, Sue; Boeschenstein, Kathi; Esparsa, Lynn |
| **Subject:** | January 5, 6, investiture ceremonies -- Muskegon County Courthouse (FOIA issue). |

Will these two ceremonies be held in the courtroom assigned by the County of Muskegon as a workspace for Judge Hicks, or the courtroom assigned by the County for Judge Smedley's use?

Use of the possessive ("Judge Hicks's courtroom") is not technically accurate, under the circumstances, because judges are elected to be public servants, and do not own these courtrooms as personal property.

The people of Muskegon County (by way of their local government) actually own the courtrooms -- and nothing could be more important than transparency and accountability of our public servants, to make certain they are not engaging in discriminatory or other improper conduct unbecoming of a judicial officer.

I'm not sure whether I can actually attend either ceremony, but I would appreciate a complete copy of all video that is taken of either event -- either by the courtroom video equipment, or by any videographer (including, but not limited to, Kimon Kotos).

Inasmuch as this is an entirely ceremonial event, and not actually a function of "the judiciary" acting in anything remotely resembling an adjudicative or judicial capacity in any contested case (hence, obviously, there is no civil action number assigned to the ceremony), the Freedom of Information Act unquestionably does apply, the County of Muskegon (or the Muskegon County Building Authority) is the Public Body responsible for the events (and for hosting them in a government-owned public building) and the County of Muskegon also is responsible for any and all Public Records associated with any such event. Thus, the FOIA request necessarily gets directed to County Administration.

Please consider the copy of this email sent to Ms. Esparsa, then, a Written Request under FOIA for all such investiture video recordings, all audio recordings of these ceremonies, as well as for all video taken (or in the possession of anybody presently or formerly a County employee or recipient of County health insurance) in connection with any prior investiture ceremony held in the Muskegon County Courthouse (or the Kobza Building, if you prefer). That would include, but would not be limited to, both the Kotos recording of the Kostrzewa investiture, and any recording that resulted from Judge Marietti activating the installed video system in one of the Sixth Floor county courtrooms.

Although the substance of state and federal law (namely, that religious unbelief is just as much protected by law as any particular religious belief), was not the least bit unclear previously, please make sure that Judges Hicks and Smedley (as well as incoming Judges Nolan and Sprader) pay particular attention to Public Law No. 114-281 (previously H.R. 1150), signed into law by President Obama on December 16, 2016, and which expressly acknowledges not just the nationwide norm, but also the commonly-understood international norm that " the freedom of thought and religion is understood to protect theistic and non-theistic beliefs as well as the right not to profess or practice any religion."

Thank you for your attention to these matters.

1