UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Eric C. Grimm,<br><br>     Plaintiff,<br><br>v.<br><br>Raw Story Media, Inc., The Washington Times, LLC, The Herald Publishing Company, LLC, MLive Media Group, f/k/a Booth Newspapers, Inc., Newslo, The Associated Press, Stephen Kloosterman, Kevin Even, Paul Shibley, Brianna Scott, David Bossenbroek, Matt J. Roberts, David Shafer, Barton Dieters, Gregory C. Pittman, Williams/Hughes, PLLC, Douglas Hughes, Theodore N. Williams, Jr., Timothy Hicks, William Marietti, Kathy Hoogstra, Robert Carter, Raymond Kostrzewa, Linnea Kostrzewa, Mark T. Boonstra, Neil Mullally, Vicki Broge, and the County of Muskegon<br><br>     Defendants. | Case No. 17-cv-654<br><br>HON. GORDON J. QUIST |

_____

| | |
|---|---|
| Eric C. Grimm<br>Eric C. Grimm, PLLC<br>Attorney for Plaintiff<br>1017 West South Street<br>Alvin, TX  77511<br>734-717-4900<br>E-Mail ecgrimm@umich.edu | Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>CUMMINGS, MCCLOREY, DAVIS & ACHO<br>Attorneys for Defendants Matt J. Roberts, Gregory C. Pittman, Timothy Hicks, William Marietti, Kathy Hoogstra, Raymond Kostrzewa, Neil Mullally, County of Muskegon<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470 |

_____

**REPLY OF DEFENDANTS COUNTY OF MUSKEGON, JUDGE PITTMAN, JUDGE HICKS, JUDGE MARIETTI, JUDGE HOOGSTRA, JUDGE MULLALLY, JUDGE KOSTRZEWA, AND PROSECUTOR ROBERTS TO PLAINTIFF'S "OPPOSITION" (ECF NO. 44) TO DEFENDANTS' MOTION TO DISMISS**

## INDEX OF AUTHORITIES

***Ashcroft v. Iqbal***,
556 U.S. 662, 678 (2009)……………………………………………………………………1

***Bell Atlantic Corp. v. Twombly***,
550 U.S. 544, 555 (2007)……………………………………………………………………2

***Bright v. Gallia County, Ohio***,
753 F.3d 639, 648 (6th Cir. 2014)…………………………………………………………3

***Forrester v. White***,
484 U.S. 219, 229 (1988)……………………………………………………………………5

***Gragg v. Kentucky Cabinet for Workforce Development***,
289 F.3d 958, 964 (6th Cir. 2002)…………………………………………………………4

MCL 700.1302(c)……………………………………………………………………………3

***Meitzner v. Talbot***,
No. 15-cv-12870, 2015 WL 13220732 at * 5 (E.D. Mich. Oct. 30, 2015)……………2

***Monell v. Dept. of Social Servs. of the City of New York***,
436 U.S. 658 (1970)…………………………………………………………………………6

***Robinson v. City of Lansing***,
486 Mich. 1, 6; 782 NW2d 171 (2010)……………………………………………………6

***Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.***,
197 Mich. App. 48, 53-54; 495 NW2d 392 (1992)……………………………………..4

***Thomas M. Cooley Law School v. Doe***,
300 Mich. App. 245, 262; 833 NW2d 331 (2013)………………………………………4

***Vereecke v. Huron Valley School District***,
609 F.3d 392, 403 (6th Cir. 2010)…………………………………………………………6

***Weiner v. Klais & Co., Inc.***,
108 F.3d 86, 98 (6th Cir. 1997)……………………………………………………………2

## ARGUMENT IN REPLY

Plaintiff Grimm's "Opposition" to Defendants County of Muskegon, Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, and Prosecutor Roberts' Motion Seeking Dismissal under Fed. R. Civ. P. 12(b)(6) presents seven substantive arguments. Each argument is conclusory and contrary to law. Grimm's "Opposition" makes clear that his First Amended Complaint is insufficient to state any state or federal law claim against these Defendants. Thus, Grimm's claims against these Defendants should be dismissed.

First, Grimm erroneously asserts that these Defendants have misinterpreted *Iqbal's* standard. **(ECF No. 44, PageID.469-472).** But it is Grimm who confuses this standard by conflating plausible claims with plausible allegations. Contrary to Grimm's assertions, these Defendants do not assert that Grimm's individual allegations themselves are implausible and must be disregarded. Rather, in accordance with *Iqbal*, these Defendants assert that Grimm's allegations "accepted as true, [fail] to state a claim for relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). As set forth in these Defendants' Motion Seeking Dismissal, Grimm's First Amended Complaint entirely fails to make individualized allegations against these Defendants or to the extent it discusses these Defendants, Grimm's allegations are vague and conclusory. Thus, Grimm's First Amended Complaint does not allow the "court to draw the reasonable inference that" these Defendants "are liable for the misconduct" Grimm alleges. *Id.*

Moreover, it is not enough that Grimm asserts he has "alleged <u>all</u> essential elements of every count alleged, against each of the Defendants" (which he has not). **(ECF No. 44, PageID.469-470).** Under Fed. R. Civ. P. Rule 12(b)(6), "a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555 (2007). Grimm has not alleged any specific conduct of these Defendants and provided only conclusory allegations, legal conclusions, and formulaic recitation of the elements of his claims, which is insufficient to survive a motion to dismiss.

Further, to the extent Grimm relies on new allegations presented in his "Opposition," he may not do so. A response to a motion to dismiss is not a pleading and may not be considered for determining whether a plaintiff has set forth a claim for relief which can be granted. Fed. R. Civ. P. 7(a); **Weiner v. Klais & Co., Inc.**, 108 F.3d 86, 98 (6th Cir. 1997)("[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss."); **Meitzner v. Talbot**, No. 15-cv-12870, 2015 WL 13220732 at * 5 (E.D. Mich. Oct. 30, 2015). Grimm has not stated plausible claims against these Defendants in his First Amended Complaint and his claims against them must be dismissed.

Second, contrary to Grimm's assertions, he has not pleaded a plausible Fourth Amendment claim against Judge Pittman. Grimm's "Opposition" entirely fails to address the fatal flaw in his Fourth Amendment claim—that he has neither alleged that Judge Pittman personally participated in the alleged search nor alleged any specific facts regarding the alleged order issued by Judge Pittman. **(ECF No. 7, PageID.116, 119, 122-124, ¶¶ 93, 104-105, 116-118, 121-123, 125, 130, 132).** While Grimm's First Amended Complaint vaguely discusses home appraisals and home evaluations during his mother's guardianship proceedings presided over by Judge Pittman, it is entirely devoid of any

details regarding Judge Pittman's order which is insufficient to state a plausible claim that Judge Pittman violated Grimm's Fourth Amendment rights by issuing the order. **(ECF No. 7, PageID.116, 119, 122-124, ¶¶ 93, 104-105, 116-118, 121-123, 125, 130, 132).**

Moreover, Grimm has not rebutted these Defendants' arguments made in reliance on ***Bright v. Gallia County, Ohio***, 753 F.3d 639, 648 (6th Cir. 2014) that Judge Pittman is entitled to judicial immunity for his actions in the guardianship proceeding. Jurisdiction for purposes of judicial immunity is to be broadly construed and contrary to Grimm's assertions, he has not shown that Judge Pittman acted "in the clear absence of all jurisdiction over the subject matter." *Id.* at 648. In fact, Grimm's allegations, taken as true, simply allege that Judge Pittman presided over his mother's guardianship proceedings, which is a proceeding over which probate courts have exclusive subject matter jurisdiction. MCL 700.1302(c); **(ECF No. 7, Page.ID117-124, ¶¶ 95-96, 99-102, 104-111, 113-126).**

Third, Grimm erroneously asserts that Muskegon County, Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, and Judge Kostrzewa violated the First Amendment at the investiture. **(ECF No. 44, PageID.476-477).** But Grimm's "Opposition," fails to address the major defect in his First Amended Complaint which is that it is extremely vague as to details about the investiture ceremony and more importantly, that it fails to allege what, if anything, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Kostrzewa, Judge Mullally, and Judge Pittman personally did during the ceremony to violate his constitutional rights. **(ECF No. 7, PageID. 106-107, 112-114, ¶¶ 38-39, 45, 56, 62-66, 68-70, 78).**

Further, Grimm failed to rebut these Defendants' argument that the Judges are entitled to absolute judicial immunity, or at the very least, qualified immunity. ***Bright***, 753 F.3d at 649; ***Gragg v. Kentucky Cabinet for Workforce Development***, 289 F.3d 958, 964 (6th Cir. 2002). Grimm's "Opposition" makes the vague and conclusory assertion that the Judges are not entitled to judicial immunity because their actions at the ceremony were not "judicial functions." **(ECF No. 44, PageID.476).** But this assertion is belied by the little detail regarding the ceremony provided in Grimm's First Amended Complaint (which again, do not describe the individual conduct of the Judges) that the event took place in the courthouse and was presided over by sitting judges in robes. **(ECF No. 7, PageID. 106, 111-112, ¶¶ 38, 61, 69).** These vague allegations, taken as true, suggest that to the extent any of the Judges participated in the investiture, they are entitled to absolute judicial immunity or at the very least, qualified immunity.

Fourth, despite Grimm's assertions, he has not adequately pleaded a defamation claim against Judge Pittman. **(ECF No. 44, PageID.477-478).** Grimm entirely failed to address these Defendants' argument made in reliance on ***Thomas M. Cooley Law School v. Doe***, 300 Mich. App. 245, 262; 833 NW2d 331 (2013) and ***Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.***, 197 Mich. App. 48, 53-54; 495 NW2d 392 (1992) that Grimm failed to meet the pleading specificity requirements for a defamation claim by failing to plead the "exact language" used by Judge Pittman that he asserts is defamatory.

Grimm's First Amended Complaint makes vague allegations regarding an alleged statement made by Judge Pittman but never sets forth detailed facts about that statement, its context, or the "exact language" of that statement. **(ECF No. 7, PageID. 153, 159, 163,**

**¶¶ 315, 353, 368).** Instead, Grimm makes vague reference to a statement that Judge Pittman allegedly made on court letterhead, which is insufficient to plead defamation. **(ECF No. 7, PageID.163-164, ¶¶ 369, 374, 378).** Further, nothing in Grimm's response rebuts these Defendants' argument that Judge Pittman is entitled to absolute governmental immunity or at the very least governmental immunity under Michigan law for his defamation claim.

Fifth, Grimm similarly and erroneously asserts that he has alleged a "defamation per se" claim against Prosecutor Roberts. **(ECF No. 44, PageID.478-480).** But Grimm's First Amended Complaint not only completely failed to plead the "exact language" of the alleged defamation by Prosecutor Roberts but failed to plead any facts that Prosecutor Roberts made any statements about him whatsoever. **(ECF No. 7, PageID.130, 134-167, ¶¶ 167-194, 202-402).**[1] Grimm's First Amended Complaint is insufficient to state a plausible defamation per se claim against Prosecutor Roberts and thus, this claim must be dismissed.

Sixth, Grimm's assertion that *Forrester* eliminates Judge Pittman's entitlement to absolute judicial immunity for an "employment discrimination" claim is meritless. **(ECF No. 44, PageID.480-481).** These Defendants acknowledge that under *Forrester v. White*, judges are not acting in a judicial capacity when making employment decisions and thus are not entitled to judicial immunity. 484 U.S. 219, 229 (1988). But Grimm has not adequately alleged that Judge Pittman made an employment decision to fire him from

---

[1] Grimm did not make any individualized allegations about Prosecutor Roberts actions until his "Opposition" to these Defendants' Motion Seeking Dismissal but as set forth above Grimm's "Opposition," cannot be considered in determining whether Grimm has stated a claim for purposes of Fed. R. Civ. P. 12(b)(6).

a law firm. Grimm's First Amended Complaint makes conclusory allegations and unwarranted factual inferences that Judge Pittman made an employment decision to fire him on behalf of Williams Hughes, PLLC, which is a private law firm at which Judge Pittman is not employed. **(ECF No. 7, PageID. 127-129, ¶¶ 149, 158, 162-163).** Grimm's allegations do not detail how Judge Pittman actually made an employment decision on behalf of the law firm. *Id.* This is not only insufficient to defeat Judge Pittman's entitlement to immunity under *Forrester* but it is also insufficient to state a claim that Judge Pittman personally violated Grimm's constitutional rights through "employment discrimination." Thus, such claims against Judge Pittman must be dismissed.

Finally, contrary to Grimm's assertions, his allegations against Muskegon County are insufficient to state plausible claims under either federal or state law. **(ECF No. 44, PageID.481-483).** Grimm has made no effort at all to rebut these Defendants' arguments made in reliance on *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658 (1970); *Vereecke v. Huron Valley School District*, 609 F.3d 392, 403 (6th Cir. 2010) that he failed to identify any policy, practice, or custom of Muskegon County that caused a violation of his constitutional rights. Grimm's First Amended Complaint fails to allege such policies or customs. **(ECF No. 7, PageID.105-115, 124-129, ¶35-85, 137-166).** Nor has Grimm rebutted these Defendants' governmental immunity arguments made in reliance on *Robinson v. City of Lansing*, 486 Mich. 1, 6; 782 NW2d 171 (2010). Grimm has not alleged that the County was not engaged in the exercise of a "governmental function" for purposes of governmental immunity from state law tort claims. **(ECF No. 7).** Thus, Grimm's claims against Muskegon County should be dismissed.

**CONCLUSION**

Grimm's "Opposition" to Defendants County of Muskegon, Judge Pittman, Judge Hicks, Judge Marietti, Judge Hoogstra, Judge Mullally, Judge Kostrzewa, and Prosecutor Roberts' Motion Seeking Dismissal under Fed. R. Civ. P. 12(b)(6) presents no legal or factual basis for this Court to deny the motion. That motion should be granted.

    Respectfully Submitted,

/s/Allan C. Vander Laan
Allan C. Vander Laan
Cummings, McClorey, Davis & Acho, P.L.C.
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Primary E-Mail: avanderlaan@cmda-law.com
P33893

Dated: December 18, 2017