UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| Eric C. Grimm, | |
| | |
| Plaintiff, | |
| | |
| vs. | Civil Action No. 17-cv-654 |
| | |
| Raw Story Media, Inc., The Herald | |
| Publishing Company, LLC, MLive | Hon. Gordon J. Quist |
| Media Group, f/k/a Booth Newspapers, | United States District Judge |
| Inc., Newslo, Stephen Kloosterman, | |
| Kevin Even, Paul Shibley, Brianna Scott, | Hon. Philip J. Green |
| David Bossenbroek, Matt J. Roberts, David | United States Magistrate Judge |
| Shafer, Barton Dieters, Gregory | |
| C. Pittman, Williams \| Hughes, PLLC, | |
| Douglas Hughes, Theodore N. Williams, Jr, | |
| Timothy Hicks, William Marietti, Kathy | |
| Hoogstra, Robert Carter, Raymond | |
| Kostrzewa, Linnea Kostrzewa, Mark T. | |
| Boonstra, Neil Mullally, Vicki Broge, The | |
| Washington Times, and the County | |
| of Muskegon, | |
| | |
| Defendants. | |

---

Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
Attorney for Plaintiff.

---

**VERIFIED SECOND MOTION OF PLAINTIFF UNDER FED. R. CIV. P. 4(c)(3) and/or
Fed. R. Civ. P. 4(e)(1) FOR ALTERNATE SERVICE**

Plaintiff respectfully moves for alternate service, under Rule 4 of the FEDERAL RULES OF

CIVIL PROCEDURE.  Plaintiff is happy to report that a request to the Judicial Authority of Israel has been dispatched through the Postal Service (copy by email to the Judicial Authority), consistent with the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, seeking service on the (apparently) unincorporated, foreign Defendant Newslo.

Part of this Motion respectfully requests authorization to approach service on Newslo in a belt-and-suspenders manner, by <u>also</u> serving Newslo by publication and email.  The MICHIGAN COURT RULES ordinarily contemplate service by publication close to where a lawsuit is pending. Newslo is unlikely to be paying any attention to any media in West Michigan.  Publishing notice in the Grand Rapids Press, or even the Detroit Free Press, is unlikely to provide notice to Newslo.

Plaintiff respectfully suggests that publication of a legal notice in a newspaper with national circulation – such as the New York Times or the Washington Post (The Guardian, the Financial Times, or The Intercept, alternately, might be good candidates) is preferable.  If the Court approves, Plaintiff  also is willing to perform service using electronic mail, directed to the last-known email address[1] of Eli Sompo a/k/a Newslo.  Plaintiff, accordingly, prays for leave to carry out this proposal.

Likewise, Plaintiff is happy to report that Raw Story Media, LLC, has been served.  Indeed, Raw Story Media already has filed a motion to dismiss.  Plaintiff is happy to report that The Washington Times, LLC has agreed to accept service and that Plaintiff has prepared a draft stipulation extending the time for The Washington Times, LLC, to answer or otherwise respond.

---

[1]According to the latest "Whois" information from Internet doman name registrar GoDaddy, the owner of Newslo is still using the email address eli@jlaw.co.il but appears to have relocated from Jerusalem to Thessaloniki, Greece.  No doubt, Mr. Sompo will remain mobile and will be difficult to reach by means other than publication and email.

One of the Certified Mail, Restricted Delivery, envelopes that Plaintiff sent *via* the Postal Service, evidently was not stickered with postage by the Postal Service at the time the stack of envelopes was dropped off.   Therefore, Plaintiff has re-sent the same envelope, this time with postage affixed, to the Hon. Mark T. Boonstra.   Plaintiff presently has no reason to believe that Boonstra will be uncooperative, or refuse to sign for the Certified Mail envelope once it arrives. Plaintiff does respectfully request that the Court extend the time for service on Boonstra by a reasonable amount, so as to ensure that the Postal Service can attempt delivery three times.

Additionally, as a courtesy, the Plaintiff has contacted the Office of the Michigan Attorney General, Civil Litigation, Employment, and Elections Division, to advise the Office of the Attorney General that there is a First Amendment lawsuit pending against Judge Boonstra, as well as providing the Plaintiff's contact information and the Federal District Court case number to the Assistant to Judge Boonstra, in Boonstra's office in Lansing – so as to provide actual notice that a lawsuit is pending.  So far, no word is forthcoming whether service is being voluntarily accepted, however.   Accordingly, in an abundance of caution, it probably makes sense to include Boonstra among the other defendants to be served by publication, referenced below.

While service on out-of-Muskegon Defendants has gone reasonably smoothly, in contract, service on the remaining Muskegon-area Defendants who have not yet waived or accepted service (several attorneys who know better than to "duck service" but who are thumbing their noses at the Court, anyway, plus Robert Carter, Vicki Broge, Linnea Kostrzewa, the Estate of Theodore N. Williams, Jr. (now deceased) and Barton Dieters) has proven difficult.   Unreasonably, extraordinarily, difficult.  Every single one of these Defendants already knows that a lawsuit is pending.  Every single one of these Defendants knows that he or she has done wrong and had

engaged in tortious behavior.  They are just being malicious about the service process – for the purpose of imposing expense and delay needlessly on the Plaintiff and on the Court.

As for the attorneys, Defendant Broge, and Defendant Dieters, Plaintiff continues to recommend that the Court authorize service to be accomplished by the United States Marshals Service, as previously recommended in another motion filed by the Plaintiff.

In order to move this process along, however, Plaintiff in the instant motion requests that the Court give its approval to perform service by publication (and, again, these Defendants, all of them, already are well aware that a lawsuit is pending).  The law relating to this is set forth below.

Under Michigan law, "Provisions for service of process contained in [the Michigan Court] [R]ules are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances," MCR 2.105(J)(1), and "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action." MCR 2.105(J)(3).  Under the circumstances, there is no mystery in Muskegon already that the County itself and all of the named defendants have been sued.  All of the West Michigan defendants are already aware of the lawsuit, and are just playing games.

The Court's Order of December 8, 2017, states, "Plaintiff shall accomplish service **or file a motion for alternate service** regarding the above-identified Defendants by" January 3, 2018.  See Order, at 2.  Plaintiff, accordingly, is filing a motion for alternate service on the non-cooperative Defendants, on or before the deadline specified by the Court.

Several alternate means are available if the Court relies upon FED. R. CIV. P. 4(e)(1) authorizing service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." MCR

2.105(I), in turn, states as follows:

    (I)    Discretion of the Court.

    (1)    On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in **any other manner reasonably calculated to give the defendant actual notice** of the proceedings and an opportunity to be heard.

    (2)    A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

    (3)    Service of process may not be made under this subrule before entry of the court's order permitting it.

    Barton Dieters's last known address is identical to the offices of WOOD-TV in Grand Rapids:    Telephone – 616-456-8888

        Address –    Barton Dieters, c/o

                    WOOD TV8

120 College Ave SE

Grand Rapids, MI 49503

Ms. Broge's last known address or addresses are found in **Exhibit One** to the prior motion; she also works intermittently at the Muskegon County Probate Court, and may be located there:

Vicki Broge

P.O. Box 311

8 West Walton Street

Muskegon, MI 49443-0311

The County of Muskegon Website also has PDF files of one or more contracts between the County and Broge, that also use and reference the above address information.

The last known address of each of the attorneys who are ducking service is easy enough to find in the Michigan Bar Journal:

| | |
|---|---|
| David L. Bossenbroek | Brianna T. Scott |
| Date of Admission: Oct 30, 1974 | Date of Admission: Jan 12, 2001 |
| Reg #: P24289 | Reg #: P62170 |
| Smith Haughey Rice & Roegge | Brianna T. Scott & Associates, PLLC |
| 900 3rd St Ste 204 | 75 W Apple Ave |
| Muskegon, MI 49440-1152 | Muskegon, MI 49440-1309 |
| Main: (231) 724-4327 | Main: (231) 727-5888 |
| dbossenbroek@shrr.com | brianna@briannascott.com |
| | http://www.briannascott.com |
| Paul E. Shibley | David P. Shafer |

Date of Admission: Nov 25,1994       Date of Admission: Nov 13,1995

Reg #: P51491                Reg #: P53497

West Michigan Injury Lawyers PLC    Nolan & Shafer PLC

380 W Western Ave Ste 101        40 Concord Ave Ste 1

Muskegon, MI 49440-1169         Muskegon, MI 49442-3455

Main: (231) 725-8444             Main: (231) 722-2444

Cell: 616-283-9055[2]             dpshafer@wemakeitright.com

paul@wminjurylaw.com           http://www.wemakeitright.com

http://wminjurylaw.com

The last-known address of Linnea Kostrzewa, of Robert Carter, and of the Personal Representative of the Estate of Theodore N. Williams, Jr., are as follows:

1.    JOHNSON, SYREETA L

Personal Rep for the Estate of Theodore N. Williams, Jr.

3160 FIELSTRA

MUSKEGON , MI 49444

Michael Kleveland is the attorney of record for the Estate.

2.    Robert Carter

1823 Kings Court

Muskegon, MI 49445

---

[2]A courtesy call to Mr. Shibley's cell phone on the date this Motion was filed, resulted in Mr Shibley answering the telephone, and identifying himself.  When the Plaintiff identified himself, Mr. Shibley went silent and would not speak another word until Shibley hung up the phone.  This is not professional conduct.

email: bobandcarole2003@yahoo.com

3.    Linnea Kostrzewa

2098 Maryland Blvd.

Norton Shores MI 49441

One additional approach to service, under the circumstances, also requires prior court authorization by way of an Order, but involves FED. R. CIV. P. 4(c)(3).  The rule specifically authorizes the Plaintiff to request, and the Court to permit, delegation of the task of service to the United States Marshals Service.  Specifically, the rule allows service in the following manner: "(3) By a Marshal or Someone Specially Appointed.  At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Plaintiff includes such a formal request in this motion, at least with respect to the attorneys Dieters, and Broge.  It is suitable for any defendant that has not yet either waived personal service, or accepted service voluntarily.  If there are service expenses incurred by the U.S. Marshals Service, Plaintiff's income is presently improving compared with how things were in Michigan, or shortly after Plaintiff's relocation to Texas.  Plaintiff is happy to commit to defray the reasonable and necessary expenses of having the U.S. Marshals Service complete personal service on each and all of the six (6) named recalcitrant Defendants.

That said, FED. R. CIV. P. 4(e)(1), in conjunction with Rule 106 of the Michigan Court Rules, authorizes service by publication in a newspaper of general circulation, where the lawsuit is pending. The governing rule in its entirety, specifically states:

**Rule 2.106    Notice by Posting or Publication**

(A)    Availability. This rule governs service of process by publication or posting pursuant

to an order under MCR 2.105(I).

(B)    Procedure. A request for an order permitting service under this rule shall be made by motion in the manner provided in MCR 2.105(I).  In ruling on the motion, the court shall determine whether mailing is required under subrules (D)(2) or (E)(2).

(C)    Notice of Action; Contents.

    (1)    The order directing that notice be given to a defendant under this rule must include

        (a)    the name of the court,

        (b)    the names of the parties,

        (c)    a statement describing the nature of the proceedings,

        (d)    directions as to where and when to answer or take other action permitted by law or court rule, and

        (e)    a statement as to the effect of failure to answer or take other action.

    (2)    If the names of some or all defendants are unknown, the order must describe the relationship of the unknown defendants to the matter to be litigated in the best way possible, as, for example, unknown claimants, unknown owners, or unknown heirs, devisees, or assignees of a named person.

(D)    Publication of Order; Mailing. If the court orders notice by publication, the defendant shall be notified of the action by

    (1)    publishing a copy of the order once each week for 3 consecutive weeks, or for such further time as the court may require, in a newspaper in the county where the defendant resides, if known, and if not, in the county where the

action is pending; and

    (2)    sending a copy of the order to the defendant at his or her last known address by registered mail, return receipt requested, before the date of the last publication.  If the plaintiff does not know the present or last known address of the defendant, and cannot ascertain it after diligent inquiry, mailing a copy of the order is not required. The moving party is responsible for arranging for the mailing and proof of mailing.

(E)    Posting; Mailing. If the court orders notice by posting, the defendant shall be notified of the action by

    (1)    posting a copy of the order in the courthouse and 2 or more other public places as the court may direct for 3 continuous weeks or for such further time as the court may require; and

    (2)    sending a copy of the order to the defendant at his or her last known address by registered mail, return receipt requested, before the last week of posting. If the plaintiff does not know the present or last known address of the defendant, and cannot ascertain it after diligent inquiry, mailing a copy of the order is not required. The moving party is responsible for arranging for the mailing and proof of mailing.

The order must designate who is to post the notice and file proof of posting.  Only a person listed in MCR 2.103(B)(1), (2), or (3) may be designated.

(F)    Newspaper Defined.

(1)     The term "newspaper" as used in this rule is limited to a newspaper published in the English language for the dissemination of general news and information or for the dissemination of legal news.  The newspaper must have a bona fide list of paying subscribers or have been published at least once a week in the same community without interruption for at least 2 years, and have been established, published, and circulated at least once a week without interruption for at least 1 year in the county where publication is to occur.

(2)     If no newspaper qualifies in the county where publication is to be made under subrule (D)(1) the term "newspaper" includes a newspaper that by this rule is qualified to publish notice of actions commenced in an adjoining county.

(G)     Proof of Service. Service of process made pursuant to this rule may be proven as follows:

(1)     Publication must be proven by an affidavit of the publisher or the publisher's agent

(a)     stating facts establishing the qualification of the newspaper in which the order was published,

(b)     setting out a copy of the published order, and

(c)     stating the dates on which it was published.

(2)     Posting must be proven by an affidavit of the person designated in the order under subrule (E) attesting that a copy of the order was posted for the required time in the courthouse in a conspicuous place open to the public and

in the other places as ordered by the court.

(3)     Mailing must be proven by affidavit. The affiant must attach a copy of the order as mailed, and a return receipt.

As for the following Defendants, Plaintiff respectfully prays for an Order authorizing service by publication in either the Muskegon County Legal News, or the Muskegon Chronicle, consistent with all the requirements of MCR 106: David Bossenbroek, David Shafer, Brianna Scott, the Estate of Theodore N. Williams, Jr., Robert Carter, Linnea Kostrzewa, Vicki Broge, and Paul Shibley. Shibley, technically, resides in Ottawa County, but maintains his principal office in Muskegon County. If the Court wishes service to include publication in a newspaper of general circulation in Ottawa County, as to Shibley, please so direct and Plaintiff is willing to make it happen. Defendant Boonstra is a resident of Ottawa County, and it will be necessary to publish in Ottawa County, anyway, if service by Publication upon Boonstra is approved. Plaintiff prays that service by publication be authorized on Boonstra. As for defendant Dieters, publication would need to be done in Kent County, and Plaintiff prays for said authorization to the extent that the court does not just direct service in the manner permitted by FED R. CIV. P. 4(c)(3). As for Defendant Newslo, Plaintiff respectfully suggests that service by publication within the Western district of Michigan is not reasonably calculated to provide actual notice to Newslo – and that a combination of email to the last-known email address of Eli Sompo a/k/a Newslo, plus possibly publication using a newspaper of larger circulation (several possibilities are listed above) is the most reasonable approach.

Accordingly, on or before the deadline set by the Court, the Plaintiff has fulfilled the Court's instruction to file a motion seeking leave to perform service by alternate means.

Dated: January 2, 2018.

Respectfully submitted,

 _/s/ Eric C. Grimm _____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu

## VERIFICATION

I declare and verify under penalty of perjury that the factual assertions in the foregoing Motion for Alternate Service are true and correct.  See 28 U.S.C. § 1746.  Signed on January 2, 2018.

 _/s/ Eric C. Grimm _____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion For Alternate Service was electronically filed through the Court's ECM/CF System on January 2, 2018, and will therefore automatically be served by email on all Parties and counsel that have appeared.  As a courtesy, it is also being transmitted and served by electronic mail on legal counsel for the Washington Times.

  /s/ Eric C. Grimm
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
