UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Eric C. Grimm, | | |
| | | |
| Plaintiff, | | |
| | | |
| vs. | | Civil Action No. 17-cv-654 |
| | | |
| Raw Story Media, Inc., The Herald | | |
| Publishing Company, LLC, MLive | | Hon. Gordon J. Quist |
| Media Group, f/k/a Booth Newspapers, | | United States District Judge |
| Inc., Newslo, Stephen Kloosterman, | | |
| Kevin Even, Paul Shibley, Brianna Scott, | | Hon. Philip J. Green |
| David Bossenbroek, Matt J. Roberts, David | | United States Magistrate Judge |
| Shafer, Barton Dieters, Gregory | | |
| C. Pittman, Williams \| Hughes, PLLC, | | |
| Douglas Hughes, Theodore N. Williams, Jr, | | |
| Timothy Hicks, William Marietti, Kathy | | |
| Hoogstra, Robert Carter, Raymond | | |
| Kostrzewa, Linnea Kostrzewa, Mark T. | | |
| Boonstra, Neil Mullally, Vicki Broge, | | |
| The Washington Times, LLC, and the | | |
| County of Muskegon, | | |
| | | |
| Defendants. | | |

| | |
|---|---|
| Eric C. Grimm (P58990) | Allan C. Vander Laan (P33893) |
| ERIC C. GRIMM, PLLC | Curt A. Benson (P38891) |
| P.O. Box 1266 | CUMMINGS MCCLOREY DAVIS & ACHO PLC |
| 1017 West South Street | 327 Centennial Plaza Bldg. |
| Alvin, TX  77512-1266 | 2851 Charlevoix Dr., SE |
| Main: (734) 717-4900 | Grand Rapids, MI 49546 |
| Fax: (888) 502-1291 | (616) 975-7470 |
| Email:  ecgrimm@umich.edu | Email:  avanderlaan@cmda-law.com |
| Attorney for Plaintiff. | Attorney for Muskegon County and |
| | MMRMA Defendants. |

**ERRATUM TO PLAINTIFF'S OPPOSITION TO MUSKEGON COUNTY / MMRMA
DEFENDANTS' RULE 12 MOTION TO DISMISS, AND SUPPORTING BRIEF**

-1-

**ERRATUM**

Plaintiff respectfully submits this short Erratum to the Plaintiff's Opposition to the Motion to Dismiss filed by the Muskegon County Defendants. The Erratum consists of the full text of an unpublished decision of the Sixth Circuit, that Plaintiff has turned up in the course of continued research. The decision is Pucci v. Nineteenth District Court, No. 12-1038, 15a0129n.06 (6th Cir. Feb. 13, 2015). The Pucci decision addresses at some length the profound impropriety of a state court judge in the State of Michigan, injecting religious proselytizing into the judge's job.

As this honorable Court knows, one of the core claims against several County of Muskegon defendants (six Muskegon County judges from three courts, and the County of Muskegon itself),[1] is that these defendants crossed a very important line, when they engaged in religious proselytizing at an investiture ceremony that was open to the public, during working hours, in a courtroom on the sixth floor of the Muskegon County Building.

The Plaintiff's argument **does not concern any behavior of any judge presiding over any**

---

[1]An earlier Sixth Circuit decision in Pucci addresses the Eleventh Amendment immunity of Michigan state courts as institutions (in contrast to lawsuits against judges in their individual capacities, or Ex Parte Young lawsuits for prospective, injunctive and declaratory relief against state judges in their official capacities). Please note the Muskegon County Probate Court itself, the Muskegon County Circuit Court itself, and the Muskegon County District Court itself, have not been sued – which makes perfect sense under the Eleventh Amendment. Rather, the Plaintiff's position is that the Kostrzewa investiture never was a **court** activity at all – but was a **County** activity (purely ceremonial) in which a group of **individuals** displayed the badges of governmental authority and power (i.e., acted "under color of" state law, custom, policy, or practice), while behaving in a way that no court or official-capacity judge **ever** is permitted to behave. Thus, it is entirely appropriate (as Plaintiff does) to seek Ex Parte Young relief against Defendant Boonstra, against the County of Muskegon, and against the Muskegon County judges (official capacity) – in the form of a permanent injunction forbidding further religious proselytizing and other religious excesses at future ceremonies held on public property. Plaintiff also has every right to file an **individual capacity** lawsuit against these Defendants, seeking other remedies against them under 42 U.S.C. § 1983. Such individual-capacity claims do not in any way violate the Eleventh Amendment, or any prior ruling in the Pucci lawsuit.

**contested case** – instead, the behavior is non-judicial (administrative or ceremonial) behavior of individuals who also separately happen to hold judicial office but who were acting as individuals in October, 2014, not in any capacity as courts and not in connection with any contested case.

Upon reviewing the Pucci decision, Plaintiff realizes that Plaintiff conceded too much.

Plaintiff distinguished conduct on the bench, presiding over a contested case, from non-judicial ceremonial or administrative conduct.  However, Puccci supports the view that absolute judicial immunity cannot apply **even** when a judge is acting in a fully "judicial" capacity.

Even proselytizing **from the bench** is fair game for a federal civil rights lawsuit against the judge, so contrary to core principles of government/religion separation is it, for a judge to interject religion into court proceedings.  In Pucci, slip op., at 2-3, the facts recited by the Sixth Circuit, make clear that some of the religious behavior engaged in by the judge, involved core "judicial" activity, presiding over one or more contested cases as a judge:

> In 2004, Pucci became concerned that Judge Mark W. Somers, one of the other district judges, was expressing religious views in the course of performing his job as a judge.  She saw a letter that Somers had written to a potential juror, which contained a biblical passage in the letterhead.  She contacted the SCAO [State Court Administrative Office] to report her concern.  An SCAO representative contacted Somers to discuss the issue, and learned that Somers had apparently already stopped using the letterhead.  Pucci also spoke to the SCAO on at least one other occasion about Somers's behavior including his discussions about religion in open court.  When asked about Somers's

-3-

suitability for the chief judge position, she replied that she would not recommend him because "he mixes religion with the business of the court." She explained: "[M]y job isn't to critique judges. We have got people in place for that.  But as a person, as an individual, as a citizen, I was . . . offended." According to Hultgren, Somers was aware that Pucci had made the complaints.

. . . .

Sharon Langen, the Clerk of Court, also complained about the use of the religious letterhead and later reported that he was "literally preaching from the bench."  Langen found some of Somers's behavior "very offensive personally. . . ."

Pucci, slip op., at 2-3.

Although the legal issues in the Pucci case related to whether a court worker, Pucci, had a legal right (and a remedy in court) to be free from retaliation for speaking out about her heartfelt conviction that it is wrong for judges to mix religion with their jobs as judges, the decision also is germane to whether absolute immunity ought to shield a state court judge altogether from accountability, when a judge improperly mixes religion with his or her role as an impartial judge.

The Sixth Circuit continued:

Pucci's free-speech interest in this case outweighed Somers's interest in the efficient operation of the Nineteenth District Court.  She had a strong interest – as a citizen – in alerting the SCAO to Somers's conduct on the bench, which "implicates the propriety and legality of

-4-

public, in-court judicial conduct . . . ." *Pucci*, 628 F.3d at 768. Her speech is entitled to significant weight because, as this court has long recognized, "'[p]ublic interest is near its zenith when ensuring that public organizations are being operated in accordance with the law.'" *Id.* (quoting *Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986)); *see also Williams*, 24 F.3d at 1537 ("'[W]hen an employee exposes unscrupulous behavior in the workplace, his interests are co-extensive with those of his employer; both want the organization to function in a proper manner.'" (quoting *Marohnic*, 800 F.2d at 616)).

In short, the better reasoning is that the mixing of religion and judicial office is so categorically inappropriate, that immunity does not shield a judge from accountability (whether that be in the form of a retaliation lawsuit by a court worker who speaks out about improper conduct, or a lawsuit by an attorney – who happens also to serve as one of the County's own attorneys at the time of the violation – under 42 U.S.C. § 1983, for declaratory, injunctive, and other relief to prohibit further abuses at investitures and other County ceremonies, and to remedy past violations).

There is noting to be served by affording any protection whatsoever to the judge from accountability for <u>improper religious</u> behavior. The judge can still carry out all **judicial** functions fearlessly and impartially, without any fear of any liability at all, just by exercising the self-restraint to obey the **neutrality principle** and to leave religion out of the courtroom – where it belongs, at home or at church, or reserved for purely private settings. The paramount interest to be promoted is the interest of **every citizen** in a **neutral** and welcoming courtroom environment, that does not exhibit preferential treatment toward any particular religious perspective or sect.

Plaintiff maintains Plaintiff's position that there is no immunity whatsoever, for the County or any of its judges, for the flagrant violations of the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, when proselytizing religion was improperly interjected into the Kostrzewa investiture ceremony in October, 2014.

However, Plaintiff disavows and withdraws any suggestion whatsoever, that there should be any immunity at all (absolute or otherwise), when a judge undertakes **from the bench** while performing the core judicial role of adjudicating a contested case, gratuitously to preach or proselytize about religion. Judge Pittman, in particular, is notorious for quoting from the Bible more often from the Bench, than he bothers to peruse the Estates and Protected Individuals Code, or the Michigan Court Rules. Plaintiff categorically disavows any suggestion that absolute immunity might shield such misconduct from remedies (injunctive and otherwise) under Section 1983.

Respectfully submitted,

January 4, 2018

___/s/ Eric C. Grimm_____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX  77511
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
Attorney for Plaintiff.

-6-

## CERTIFICATE OF SERVICE

Plaintiff certifies that the foregoing Erratum (with attachments) was submitted on January 4, 2018, through the Court's Electronic Case filing system, which will automatically perform service on all parties and counsel that have entered appearances.  Plaintiff also will contemporaneously perform service by electronic mail on in-house legal counsel for the Washington Times.

Respectfully submitted,

January 4, 2018

    __/s/ Eric C. Grimm_____
    Eric C. Grimm (P58990)
    ERIC C. GRIMM, PLLC
    P.O. Box 1266
    1017 West South Street
    Alvin, TX  77511
    Main: (734) 717-4900
    Fax: (888) 502-1291
    Email:  ecgrimm@umich.edu
    Attorney for Plaintiff.

-7-