UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Eric C. Grimm,

    Plaintiff,

v.

Raw Story Media, Inc., The Washington Times, LLC, The Herald Publishing Company, LLC, MLive Media Group, f/k/a Booth Newspapers, Inc., Newslo, The Associated Press, Stephen Kloosterman, Kevin Even, Paul Shibley, Brianna Scott, David Bossenbroek, Matt J. Roberts, David Shafer, Barton Dieters, Gregory C. Pittman, Williams/Hughes, PLLC, Douglas Hughes, Theodore N. Williams, Jr., Timothy Hicks, William Marietti, Kathy Hoogstra, Robert Carter, Raymond Kostrzewa, Linnea Kostrzewa, Mark T. Boonstra, Neil Mullally, Vicki Broge, and the County of Muskegon

    Defendants.

Case No. 17-cv-654

HON. GORDON J. QUIST

_____

Eric C. Grimm
Eric C. Grimm, PLLC
Attorney for Plaintiff
1017 West South Street
Alvin, TX  77511
734-717-4900
E-Mail ecgrimm@umich.edu

Mark John Magyar P75090
James S. Brady P11110
Dykema Gossett PLLC
Attorneys for Kloosterman, MLive Media Group, The Herald Publishing Company
300 Ottawa Ave NW Ste 700
Grand Rapids, MI 49503
Main: (616) 776-7523
mmagyar@dykema.com
jbrady@dykema.com

Paul A. McCarthy (P47212)
Rhoades McKee PC
Attorneys for Kevin Even
55 Campau Avenue NW, Suite 300
Grand Rapids MI  49503
(616) 235-3500
mccarthy@rhoadesmckee.com

Alan Robert Kabat
Bernabei & Kabat, PLLC
Attorney for Raw Storey
1400 16th Street, NW
Suite 500
Washington, DC 20036
Phone: 202-644-9935
Fax: 202-745-2627
kabat@bernabeipllc.com

Allan C. Vander Laan (P33893)
Curt A. Benson (P38891)
CUMMINGS, MCCLOREY, DAVIS & ACHO
Attorneys for Defendants Matt J. Roberts, Gregory C. Pittman, Timothy Hicks, William Marietti, Kathy Hoogstra, Raymond Kostrzewa, Neil Mullally, County of Muskegon
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470

Steven F. Stapleton (P51571)
Gregory N. Longworth (P49249)
Clark Hill PLC
Attorneys for Douglas Hughes and Williams Hughes, PLLC
200 Ottawa Ave NW Ste 500
Grand Rapids, MI 49503
Main: (616) 608-1145
sstapleton@clarkhill.com
glongworth@clarkhill.com

Cameron J. Evans (P47276)
Evans Law Group PC
Attorney for Raw Storey
950 W University Dr Ste 102
Rochester, MI 48307
(248) 468-1485
cevans@evanslawgrp.com

_____

**REPLY OF DEFENDANTS COUNTY OF MUSKEGON, JUDGE PITTMAN, JUDGE HICKS, JUDGE MARIETTI, JUDGE HOOGSTRA, JUDGE MULLALY, JUDGE KOSTRZEWA AND PROSECUTOR ROBERTS**

**TO**

**PLAINTIFF GRIMM'S "ERRATUM" (ECF NO. 60)**

# INDEX OF AUTHORITIES

## Cases

***Chambers v. Nasco, Inc.***, 501 U.S. 32 (1991) ............................................................. 1

***Pucci v. Nineteenth Dist. Court***, 598 Fed. Appx. 460 (6th Cir. 2015) .......................... 1

***Pucci v. Nineteenth Dist. Court***, 628 F.3d 752 (6th Cir. 2010) .................................... 2

***Roadway Express, Inc. v. Piper***, 447 U.S. 752 (1980) ............................................... 1

## Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2, 4

LR 7.1(d)(3)(A) ................................................................................................................ 1

## **ARGUMENT IN REPLY TO "ERRATUM"**

An "erratum" is "[a]n error that needs correction." ***Black's Law Dictionary***, 582 (8th ed. 2004). What Plaintiff Grimm now submits as his so-called "*Erratum*" **(ECF No. 60, Pg ID 800-806)** is not an "erratum." Manifestly it is a ploy to supplement his response to the Defendants' Rule 12 motion, outside this Court's page limit for motions and briefs. LR 7.1(d)(3)(A).

Plaintiff Grimm already played fast and loose with that page limit through the formatting and pagination of his response to the Defendants' pending dismissal motion. **(ECF No. 44, Pg ID 447-483).** Plaintiff Grimm now wants to supplement his response to present and argue yet another case, i.e., ***Pucci v. Nineteenth Dist. Court***, 596 Fed. Appx. 460 (6th Cir. 2015).

Additional sleight of hand may be observed in the attachments to Plaintiff Grimm's "*Erratum*." Not only does Grimm attach the unpublished federal ***Pucci*** decision that his "*Erratum*" discusses **(ECF No. 60-1, Pg ID 807-833)**, but also an unpublished Michigan Court of Appeals decision involving the ***Pucci*** parties **(ECF No. 60-2, Pg ID 834-841)**.

The Defendants assert, first, that Plaintiff Grimm's "*Erratum*" and appended cases should be rejected under this Court's inherent power to sanction those who act in bad faith to fool the Court. ***Chambers v. Nasco, Inc.***, 501 U.S. 32, 44-5 (1991), ***Roadway***

***Express, Inc. v. Piper***, 447 U.S. 752, 765 (1980).  But the cases presented by the "*Erratum*" should also be rejected as irrelevant to the questions before the Court.

These Defendants brought their pending motion under Fed. R. Civ. P. 12(b)(6), on the basis that Plaintiff Grimm - - underneath all his hyperbolic rhetoric - - failed to plead plausible claims upon which relief can be granted.  Rather than specifically address the defects of his pleading, Plaintiff Grimm filed a response that reads more as a political manifesto for separation of church and state than a brief to address the arguments raised by the Defendants.  Plaintiff Grimm's "*Erratum*" follows that pattern.  Neither of the ***Pucci*** cases submitted by Plaintiff Grimm address the defects raised against Plaintiff Grimm's Complaint.  In fact, neither addresses in any manner at all the issues that Plaintiff Grimm suggests.

The ***Pucci*** cases never discussed the scope of judicial immunity.  The ***Pucci*** cases presented a court employee's wrongful termination claims against a judge and the 19th District Court *as employers*.  An earlier decision of the Sixth Circuit in ***Pucci v. Nineteenth Dist. Court***, 628 F.3d 752 (6th Cir. 2010), held that Judge Somers could not claim *sovereign* immunity or *qualified* immunity against ***Pucci***'s claims of First Amendment retaliation and denial of due process.  Judicial immunity was never addressed.

The Sixth Circuit opinion now presented by Plaintiff Grimm's "*Erratum*" never addressed *any* type of immunity.  The issues raised were:

1. Whether an email from Pucci's counsel was a "judicial admission" that a retaliation claim would not be pursued;

2. Whether Pucci was barred from a First Amendment "retaliation" recovery on the basis that her complaints regarding the judge were made as "an employee" rather than as "a citizen" in general;

3. Whether Pucci's First Amendment "retaliation" claim was barred by the court's interest in "efficiency;"

4. Whether Somers was denied procedural due process in the context of her termination; and

5. Whether the district court abused its discretion by granting attorney fees to Pucci after trial.

Judicial immunity is never mentioned. Nor did the Court discuss separation of church and state in any context.

The subsequent, unpublished state court opinion dealt only with whether Michigan's 19th Judicial District Court could be subject to garnishment by Pucci for purposes of collecting her judgment against Judge Somers. The case discusses the *sovereign* immunity of the Court. It has nothing to do with judicial immunity.

Plaintiff Grimm's "*Erratum*" presents nothing of relevance to this Court. Instead, it simply burdens this Court and the moving Defendants with having to confront manifest irrelevancies. The "*Erratum*" and the arguments presented therein should be rejected.

## CONCLUSION AND REITERATION OF RELIEF REQUESTED

Plaintiff Grimm's evasion of this Court's page limitations and his presentation of irrelevant argument and case law should be rejected. The Defendants' pending motion for dismissal under Fed. R. Civ. P. 12(b)(6) should be granted for the reasons discussed in the Defendants' original motion, brief and reply. **(ECF Nos. 23, 23-1 and 55)**.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Attorneys for Defendants Matt J. Roberts, Gregory C. Pittman, Timothy Hicks, William Marietti, Kathy Hoogstra, Raymond Kostrzewa, Neil Mullally, and County of Muskegon
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: January 10, 2018