UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Eric C. Grimm, | |
| | |
| Plaintiff, | |
| | |
| vs. | Civil Action No. 17-cv-654 |
| | |
| Raw Story Media, Inc., The Herald Publishing Company, LLC, MLive Media Group, f/k/a Booth Newspapers, Inc., Newslo, Stephen Kloosterman, Kevin Even, Paul Shibley, Brianna Scott, David Bossenbroek, Matt J. Roberts, David Shafer, Barton Dieters, Gregory C. Pittman, Williams \| Hughes, PLLC, Douglas Hughes, Theodore N. Williams, Jr, Timothy Hicks, William Marietti, Kathy Hoogstra, Robert Carter, Raymond Kostrzewa, Linnea Kostrzewa, Mark T. Boonstra, Neil Mullally, Vicki Broge, The Washington Times, LLC, and the County of Muskegon, | Hon. Gordon J. Quist United States District Judge  Hon. Philip J. Green United States Magistrate Judge |
| | |
| Defendants. | |

Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu
Attorney for Plaintiff.

**RULE 41(a)(1)(A)(i), FED. R. CIV. P. NOTICE
OF DISMISSAL WITHOUT PREJUDICE**

Pursuant to Rule 41(a)(1)(A)(i) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff

Page -1-

voluntarily dismisses this entire civil action, without prejudice.  The governing rule states:

(a)     Voluntary Dismissal.

    (1)     By the Plaintiff.

(A)     Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    (i)     a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]

FED. R. CIV P. 41(a)(1)(A)(i).  Rules 23(e), 23.1(c), 23.2, and 66 have no application to this lawsuit. No Defendant has filed any Answer.  No Defendant has filed any summary disposition motion.

Plaintiff is of the view that Defendants' motions to dismiss all are preposterous and lack any merit.  The defense strategy appears to be to manufacture needless delay, inconvenience and expense, rather than taking personal responsibility for unquestionably awful, toxic behavior.

Nonetheless, there is considerable value to the Plaintiff (far beyond any amount of money) getting the outrageous toxicity of Muskegon County, its courts, its monopoly newspaper, its bully culture, and the narcissistic "mistakes have been made" judge, entirely out of Plaintiff's life, to occupy as little mental bandwidth as possible moving forward into the future.

The difference in character, when *all* the facts are known, should be self-evident.  And good character is what matters.  Without prejudice, therefore, Plaintiff voluntarily dismisses.

To be clear:     1.     Plaintiff does not in any way apologize for, or regret, over a decade of **anti-racism**, **anti-segregation**, and **anti-bigotry** activism, including Plaintiff's active support for religious diversity, and

Plaintiff has **nothing** to apologize for in that regard.  Plaintiff does not apologize in any way for Plaintiff's published criticism in 2015 of the "downtown leadership clique" in Muskegon County, Michigan, for their lackadaisical go-slow public-relations-driven attitude toward a very serious racial segregation problem in what has been the 19th most-segregated SMSA in the entire United States;

2.    The recent "Gorilla Channel" hoax involving President Trump should make it clear that toxic masculinity, bullying, and other problem behaviors are fair game for criticism, including artful criticism.  This is a First Amendment issue, first and foremost. The similarities (**Republican**, narcissistic qualities of personality, bully, toxic) between the focus of Plaintiff's criticism and the butt of the "Gorilla Channel" hoax – namely, President Trump – should not go without mention or notice.  The context of Plaintiff's email remarks made clear that the focus of Plaintiff's criticism solely related to bully behavior and was never about the distraction that others subsequently manufactured out of their rich imaginations;

3.    The limited scope of Plaintiff's "apology" needs to be re-emphasized. Plaintiff "apology" stands, as initially given, but always has been **only** about so-called temporary "insensitivity" – **i.e.**, not **realizing**

that some segment of Plaintiff's audience would (at least allegedly)[1] be oblivious to a 21st Century, evolutionary-biology-informed sensibility, and oblivious to the reality that Plaintiff's sensibility is and always has been a 21st Century perspective and **not** any 19th Century perspective typified by the jurors in the Scopes Monkey Trial;

4.  Turns out, more people in Muskegon, Michigan still have their heads stuck in the 1925 America of the Scopes Trial, than Plaintiff ever realized; America as a whole needs to get past that and to move toward a more constructive conversation about a lot of issues that today are danced around (on a dance-floor that often resembles a verbal minefield) rather than discussed in a way that promotes real progress and understanding;

5.  It remains true that the individual criticized by the Plaintiff was a toxic bully, and remains a toxic bully.  Plaintiff reasserts the original truthful criticism of him, but **only the intended criticism**, in the most emphatic possible way.  The triple-metaphor originally used captures the essence of the problem in a vastly more profound, more poetic, and more meaningful way than some readers evidently realized;

---

[1]Almost all criticism appears to have been politically-motivated, manufactured, and entirely phony.  It amounted – exactly like the recent episode in which a Member of Congress "played the race card" in an attempt to excuse the politician's own questionable behavior – to an exercise by people who knew full well that no dog whistle was even present, of **pretending** to hear a dog whistle that was never there.

6.      Plaintiff is not and categorically denies ever having been a "bigot;"

7.      Plaintiff has never apologized for being a "bigot" and has no reason to do so because that lie always has been categorically untrue;

8.      The **intent** of Plaintiff's remarks is solely determined by the intent of Plaintiff himself; it is not for any listener falsely to attribute a different intent to the Plaintiff. Plaintiff categorically rejects any accusation that any of his remarks ever have been "bigoted" or anything other than appropriate to the originally intended subject-matter. The intended subject-matter has to do with bullying from the bench, which is a real phenomenon, which really did occur, and which has been occurring in Muskegon County at least since 2002.

9.      Plaintiff owes no apology to Gregory Pittman for anything whatsoever, while an apology is long overdue **from** the bully judge.

10.     "Mistakes have been made" is not a proper apology from Gregory Pittman;

11.     The facts of Plaintiff's history of successes in the courtroom, and as a well-qualified professional (including quite a track-record besting Kevin Even in court), which also include numerous glowing reviews from very satisfied clients – speak for themselves;

12.     The people most harmed by what the Defendants did were the voters and taxpayers in Muskegon County, who will have to live with the judges selected in the 2016 election for quite some time.

_/s/ Eric C. Grimm_____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Email:  ecgrimm@umich.edu

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Dismissal was electronically filed through the Court's ECM/CF System on January 12, 2018, and will therefore automatically be served by email on all Parties and counsel that have appeared.  As a courtesy, it is also being transmitted and served by electronic mail on legal counsel for the Washington Times.

___/s/ Eric C. Grimm_____
Eric C. Grimm (P58990)
ERIC C. GRIMM, PLLC
P.O. Box 1266
1017 West South Street
Alvin, TX 77512-1266
Main: (734) 717-4900
Fax: (888) 502-1291
Email:  ecgrimm@umich.edu